# WITTICK'S ADM'R *vs.* KEIFFER AND WIFE.

[DETINUE FOR SLAVES.]

1. *Admissibility of declarations in rebuttal of implied admission.*—Plaintiff having proved that the slaves in controversy were appraised as a part of his intestate's estate, in defendant's presence, and that defendant then asserted no title to them, it is competent for defendant to rebut this evidence, by proof of her private assertions of title to one of the appraisers, before the completion of the appraisement.
2. *Weight of verbal admissions as evidence.*—Although a verbal admission, deliberately made, may afford proof of the most satisfactory character ; yet it is erroneous to instruct the jury, that it is " the best kind of evidence."
3. *Judgment for defendant in detinue.*—In detinue, if the property has gone into the possession of the plaintiff on his execution of the statutory bond, and the verdict of the jury is in favor of the defendant, the judgment should be for the property itself or its alternate value ; and a judgment for the specific property alone will be reversed on error at the instance of the plaintiff.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Henry Traun, as the administrator of Frederick Wittick, deceased, against Louis Keiffer and Mary, his wife, to recover a slave named Betsey, with two of her children, together with damages for their detention. It is the action referred to in the previous case between the same parties, as reported on page 136. The defendants having failed, for five days, to execute the statutory bond, and the plaintiff having given bond according to the requisitions of the statute, the slaves were delivered into his possession. The only plea, on which issue was joined, was *non detinet.*

The defendants claimed the slaves under a parol gift to Mrs. Keiffer, then Mrs. Wittick, from the plaintiff's intestate, who was the uncle of her deceased husband, and who had induced her and her husband to emigrate from Germany ; and sought to establish the gift by proof of the circumstances under which it was made, and the donor's subsequent admissions. In reference to these

admissions of the plaintiff's intestate, the court charged the jury, "that if these declarations were loosely made, they were the weakest kind of evidence; but, if they were deliberately made, they were the best kind of evidence"; to which charge the plaintiff excepted.

The plaintiff proved, that the slaves were appraised as a part of the estate of his intestate, and were returned as such in his inventory; that Mrs. Keiffer was present at the appraisement, and claimed several articles of household furniture, but asserted no claim to said slaves, and did not object to their appraisement. In rebuttal of this evidence, the defendants proved by one Hardy, who was one of the appraisers, "that after the appraisement was over, and when the appraisers had retired to a room to write out their appraisement, the defendant Mary called out said Hardy privately, and told him that she did not know the appraisement was to be made until it was begun, that she claimed Betsey and her children, and that said Frederick had given them to her in his lifetime; and the witness further stated, that he never repeated this conversation to either the plaintiff or the other appraisers." The plaintiff objected to each portion of this evidence, and reserved an exception to the overruling of his objections.

The jury returned a verdict for the defendants, but did not assess the value of the slaves; and the court thereupon rendered judgment in their favor, against the plaintiff, for the negroes sued for, with costs.

The errors now assigned are, 1st, the admission of Hardy's testimony as to Mrs. Keiffer's assertion of title; 2d, the charge of the court as to the effect of the intestate's admissions; and, 3d, the rendition of judgment on on the verdict.

BAINE & NESMITH, for appellant.

GEO. W. GAYLE, contra.

WALKER, J.—The question as to the admissibility of Mrs. Keiffer's declaration to the witness Hardy, at the time of the appraisement of the property of plaintiff's

intestate, is identical with a question in the case decided at this term between the same parties. We decide the question, upon the authority of that decision, against the appellant.

2. In the case of Garrett v. Garrett, 29 Ala. 439, we adopted the following as a correct statement of the value of verbal admissions as evidence: " When a verbal admission is deliberately made, and precisely identified, the evidence it affords is often of the most satisfactory nature; nevertheless, proof of mere verbal admissions of a party, unsustained by any other circumstances, should always be cautiously weighed, because of their liability to be misunderstood, the facility of fabricating them, and the difficulty of disproving them." The court instructed the jury, that if certain declarations of the plaintiff's intestate were loosely made, they were the lightest kind of evidence; but, if deliberately made, they were *the best kind of evidence.* From the words of this charge, the jury would understand the court, not to exclude them from carefully scrutinizing the credibility of the witnesses who proved the declarations, and the reliability of their memories; and, in that particular, we do not deem it erroneous. But, when the court says, that declarations, deliberately made, are the *" best kind "* of evidence, it is tantamount to saying that they are better than any other kind of evidence. While declarations, deliberately made, may afford proof of the most satisfactory character; yet they are not better than every other kind evidence. The court erred in assigning to them a pre-eminence as evidence, which does not belong to them; and we cannot hold that the plaintiff was not prejudiced by this error, especially as there was not complete harmony between all the other evidence in the case and those declarations.

3. The plaintiff, having gone into the possession of the slaves sued for upon the execution of the statutory bond, was liable to a judgment for the property, or its alternate value, in favor of the defendant who was the successful party. Section 2194 of the Code authorizes such a judgment.—See Rowan v. Hutchisson, 27 Ala. 328. But the

plaintiff has the same right to relieve himself by the payment of the alternative judgment for the value of the property, which appertains to an unsuccessful defendant; and it was, therefore, clearly improper to render a judgment for the specific property alone. The judgment should have been in the alternative. This error is prejudicial to the plaintiff, because it deprives him of a right. See Pharr v. Bell, 7 Ala. 807; Code, §§ 2194, 2195, 2196.

The judgment of the circuit court is reversed, and the cause remanded.