# Atkinson *v.* Jones.

*Statutory Detinue for Mule.*

1. *Ratification of agent's unauthorized act.*—An exchange of a mule for a horse having been made without authority by an agent, a claim and assertion of right and title to the horse by the principal, made with knowledge of the facts, is a ratification of the unauthorized exchange, and is irrevocable.

2. *Conversion by bailee; when bailor may sue.*—If the hirer of a mule exchanges the animal for another during the term, without the consent or authority of the owner, this is a conversion, for which the owner may at once terminate the bailment; and he may sue for his mule before the expiration of the term of hiring.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. JOHN MOORE.
This action was brought by R. W. Atkinson, against D. P.

[Atkinson v. Jones.]

Jones, to recover a mule named *John*, of the alleged value of $60, with the value of the hire or use thereof during the defendant's detention; and was commenced on the 19th May, 1879. On the first trial of the cause, the plaintiff had a verdict and judgment; but the judgment was reversed by this court, and the cause was remanded.—*Jones v. Atkinson*, 68 Ala. 167. After the reversal, a second trial was had on issue joined, as before, on the plea of *non detinet;* and the plaintiff reserved a bill of exceptions, in which the facts are thus stated:

" On the part of the plaintiff the following evidence was introduced: That in February, 1878, plaintiff hired a mule named *Jerry* to one John Pritchett, for the term of one year; and in July, or August, 1878, said mule was swapped, by consent of plaintiff, for a mule named *John*, which was taken and held by said Pritchett in lieu of said mule *Jerry*, on the same terms, and for the same length of time. It was also agreed between plaintiff and said Pritchett, at the time the mule *Jerry* was hired to said Pritchett, that if said Pritchett should, during the term of the hiring, pay plaintiff $90, said mule was to belong to Pritchett; and they had the same understanding as to the mule *John*. Pritchett never paid for the mule, and only paid part of the hire. Some time during the fall of the year (1878), Pritchett traded the mule *John* to one Clanton, for a mare known as the *Clanton mare;* and plaintiff's evidence showed that this trade was made without his knowledge or consent. Plaintiff's evidence showed, also, that said Pritchett, after he had traded for said mare, took her to plaintiff, but he refused to receive or accept her in lieu of the mule *John;* that Pritchett afterwards traded said mare to one Drinkard, for a mule named *Beck*, claiming said mare at the time as his own property, and so stating to said Drinkard while they were trading; that plaintiff had nothing to do with this trade, and knew nothing of the trade or the mule *Beck;* that said Pritchett afterwards took the mule *Beck* to plaintiff, and asked him to take said mule and try her, and to take her in place of the mule *John;* that the plaintiff refused to do this, but did try the mule, and afterwards returned her to the place where Pritchett lived, and left her there; that plaintiff has never since had or claimed the mule *Beck*, nor has said mule been in his possession, but it was seen in the possession of said Pritchett's father-in-law and brother-in-law, in Clarke county, Alabama; that Pritchett traded said mare to Drinkard, for the mule *Beck*, in December, 1878, or January, 1879, and told Drinkard at the time that the mare was his property, and that no one had any claim on her; that afterwards, when plaintiff saw said Drinkard in possession of said mare, he told Drinkard that he (D.) had traded for his (plaintiff's) property; but that,

[Atkinson v. Jones.]

in saying this, plaintiff was only joking. It was proved on the part of the defense, by the testimony of said Drinkard on cross-examination, that plaintiff told him, after he had traded said mule Beck for said mare, that he had traded for his property, in trading for the said mare, *but. that it was all right.* The defendant introduced, also, evidence showing that Pritchett traded the mule *John* for the *Clanton mare* in August, 1878; that Clanton traded said mule *John* (the subject of this suit), in September, 1878, to said defendant. One J. L. Adams testified, also, that in October, 1878, he offered to trade a mule to plaintiff, for the mare plaintiff was then riding; and that plaintiff told him, he did not wish to trade said mare, but that he had a mare in the possession of said Pritchett, which he supposed witness well knew as the *Clanton mare*, and would trade her for witness' mule; and that, if witness would name a day, he would send for said mare, and have her at his house, and would trade her to witness for his mule. One McCall testified, also, that while Pritchett had said mare in his possession, and before he had traded her to said Drinkard, Pritchett expressed a desire to trade her to McCall for a mule; that they did not trade, because Pritchett required witness to pay $10 to boot; and that soon afterwards, on meeting plaintiff, who inquired why the trade had not been made, and was told that he (witness) was not able to pay the $10 demanded, plaintiff told him that he (plaintiff) would have to pay the boot, and was willing to do so, and told witness to '*go ahead and make the trade,*' and that he would pay the ten dollars boot. The defendant testified for himself, that after he had traded for said mule *John*, in the latter part of September, 1878, he remained in the quiet possession of said mule until in March, 1879, and never heard of plaintiff's setting up any claim to said mule until he was sued. This was, in substance, all the evidence in the case.

" Plaintiff s counsel argued, in his closing speech to the jury, that plaintiff, having hired the mule to Pritchett for a year, had no right to demand or recover the mule, from the person to whom Pritchett had traded it, until after the expiration of the year for which Pritchett had hired it, even if Pritchett had traded it before the expiration of that time. The defendant asked the following charges to the jury, which were in writing, and to the giving of which exceptions were duly reserved by the plaintiff:

" 1. That if the jury believed, from the evidence, that the plaintiff ratified the trade of *Jerry* for *John*, and that afterwards, when Pritchett traded *John* for the *Clanton mare*, and while said mare was in the possession of said Pritchett, plaintiff claimed said mare as his property, and himself offered to trade

her, this was, in law, a ratification of the trade of *John* for said mare, and plaintiff can not recover in this suit.

"2. That if the jury believed, from the evidence, that the plaintiff, after the trade of *John* for the *Clanton mare*, claimed said mare, and offered and attempted to exercise acts of ownership over her, this was a ratification of said trade, and, when once made, could not be revoked, unless made under a misapprehension of the facts.

"3. That if the trade of *John* was made before the expiration of the term for which he was hired, plaintiff had such an interest in said mule as would have entitled him to sue for said mule at any time after said trade, provided he had refused to ratify said trade."

These several charges are now assigned as error.

S. J. CUMMING, for appellant.

JNO. Y. KILPATRICK, *contra*.

BRICKELL, C. J.—The only assignments of error in the present record are based on three charges, given by the court at the request of the defendant. The first and second of these charges present substantially the same question; and that question was directly passed on by this court when this cause was before us at a former term, and was then decided adversely to the plaintiff.—*Jones v. Atkinson*, 68 Ala. 167. We are satisfied that the conclusion then reached is correct; and we, therefore, hold that the Circuit Court did not err in giving these charges.

2. As a fact tending to show that the plaintiff had ratified the trade made by his bailee, Pritchett, by which he exchanged the mule in controversy for the "Clanton mare," the defendant testified, that he was in the quiet possession of the mule, from the latter part of September, 1878, until some time in March, 1879; and that he never heard that the plaintiff claimed the mule, until this suit was commenced. To avoid, no doubt, the force of this evidence, the plaintiff's counsel, as stated in the bill of exceptions, argued before the jury, that, as he had hired the mule to Pritchett for a year, he had no right to demand or sue for its recovery until the term of bailment had expired, although Pritchett had, during the term, exchanged it for the mare. This argument is clearly unsound. If the exchange was made during the term of the bailment, without plaintiff's consent, this amounted to a conversion of the mule, and authorized the plaintiff forthwith to terminate the bailment, and to sue for the recovery of the mule.—Story on Bailments, §§ 396 and 413; Greenl. on Ev. § 642; *Nelson v. Bondurant*,

26 Ala. 341.　Evidently to meet this argument, the third charge was asked by the defendant, and it is free from error.

　　Affirmed.