[Savage v. Russell & Co.]

# Savage *v.* Russell & Co.

*Action of Detinue by Foreign Corporation.*

1. *Suit by foreign corporation; proof of corporate existence.*—In proof of corporate existence by foreign corporation, it must show not only the papers and proceedings of incorporation, but the statute of the State of incorporation, authorizing such incorporation.

2. *Detinue for several articles; judgment.*—Where, in detinue, the evidence shows the several articles sued for have each a separate, ascertainable value, a verdict and judgment are erroneous which does not ascertain their separate values.

3. *Same; possession of property; estoppel.*—Where defendant in an action of detinue has filed a forthcoming bond, and has claimed in a letter that the property was in his possession and that he had notified plaintiffs before suit that if they wanted the property they would have to get it out of his possession by suit, he is estopped from setting up the defense that it was not in his possession at the institution of suit.

APPEAL from Calhoun Circuit Court.

Tried before Hon. L. F. Box.

Appellee, and plaintiff, as proof that it was a corporation under the laws of Ohio, introduced in evidence certified papers and proceedings of incorporation, but did not introduce any evidence of the laws of Ohio authorizing such proceedings and declaring that they would constitute it a corporate body. All other matters sufficiently appear in the opinion.

BROTHERS, WILLETT & WILLETT, and WALDEN & SON, for appellant.—1. The verdict of the jury was clearly erroneous in not assessing the value of the saw-mill and engine separately, when the evidence shows this could have been done.—*Jones v. Anderson,* 82 Ala. 302; *Tait v. Murphy,* 80 Ala. 440; *Townsend v. Brooks,* 76 Ala. 308; *Jones v. Pullen,* 66 Ala. 309. The court erred in rendering judgment on the verdict. See authorities cited above. 2. The court certainly erred in permitting the instrument purporting to be a certified transcript of the articles of incorporation of. Russell & Co. to be given to the jury for any purpose, because the Secretary of State of Ohio failed to certify that "the attestation was in due form and by the proper officers."—U. S. Rev. Stat. § 906. The instrument offered was wholly insufficient to prove that plaintiff was a corporation. The statutes of Ohio were not intro-

duced in evidence to show that plaintiff had complied with the Ohio statutes regulating the formation of corporations. This was absolutely necessary.—1 Greenl. Ev. § 486, *et seq.* 3. The court erred in excluding from the jury on its own motion the submission, award and judgment of the court in the matter arbitrated between appellant and appellee. 4. The first charge given by the court to the jury is erroneous, and does not assert a correct proposition of law. "Where a declaration is made to one person for the purpose of influencing his conduct, and though not confidential, is not intended for others, a bystander who overhears it and acts upon it can not set up an estoppel against the party making the declaration." *Kenney v. Whiton*, 44 Conn. 262; *Heane v. Rogers*, 9 Barn. & Cress. 577; *Morgan v. Spangel*, 14 Ohio (State), 102; 2 Greenl. Ev. § 966; *Mayenborg v. Haynes*, 50 N. Y. 675; Bigelow on Estoppel, 611. Besides, the charge ignores altogether the question of intention with which the letter from Savage to Lumpkin was written —*Payne v. Burnham*, 62 N. Y. 69; Bigelow on Estoppel, 610, and authorities cited above. 5. Both of the charges given by the court were erroneous in assuming the existence of plaintiff's corporate capacity, which was denied by plea, and which appellant insists had not been proven.

CALDWELL, HAMES & CALDWELL, and H. L. STEVENSON, *contra.* [No brief came to the hands of the Reporter.]

STONE, C. J.—The present suit is prosecuted in the name of Russell & Co., claiming to be a corporation under the laws of Ohio. Corporate power is not a natural right. It is a franchise, to be conferred by the law-making power. It may be granted by direct legislative enactment, or, it may be done under a general legislative system authorizing it. If the former course be pursued, the law not only defines the powers conferred, but it creates the corporation. Under that system, the legislature itself does every act necessary to the creation of the artificial being, except that the corporators must provide the capital stock, and organize by the election of officers.

In modern times corporations have greatly increased, alike in their numbers, and in the objects to be accomplished by them. The tax on legislative bodies created by this increased demand for chartered privileges, and a desire to prescribe certain cardinal rules for the government of corpo-

rations organized for private emolument, have caused many of the States to establish, by their constitutions and by general laws, a method for obtaining private charters, and of compelling applicants for them to conform to that method. And these systems or methods. are different in the different States. Hence, what may be termed the charter, or act of incorporation, obtained under a general law, is, if considered alone, very incomplete. It can neither be fully understood nor interpreted, without the statute which authorized it. Now, while it is clear that a foreign corporation, as a rule, may maintain actions in our courts, before they can recover they must prove their corporate capacity, unless defendant, by his contract or pleadings, has estopped himself from denying it.—*McCreary v. State*, 73 Ala. 480; *Bank of Michigan v. Williams*, 5 Wend. 478; *Silver Lake Bank v. North*, 4 Johns. Ch. 370; Ang. & Ames on Corp. §§ 632 *et seq.* The proof of incorporation in this case was wholly insufficient, in the absence of the Ohio statute authorizing it. 1 Greenl. Ev. §§ 486 *et seq.*

The present suit was for the recovery of a saw-mill and steam engine. The proof fixed a separate valuation on each, thus showing that they were separate things, and had ascertainable, separate values. The verdict and judgment are each imperfect and erroneous in not ascertaining the separate values.—*Jones v. Pullen*, 66 Ala. 306; *Townsend v. Brooks*, 76 Ala. 308; *Jones v. Anderson, Ib.* 427; *Same v. Same*, 82 Ala. 302; *Tait v. Murphy*, 80 Ala. 440.

Under the testimony found in this record, there can be no question that the property sued for belonged to Russell & Co. That corporation made an agreement to sell the engine and saw-mill to Lumpkin & White. The purchasers, Lumpkin & White, had the trade been consummated, would have acquired both the right and the possession from Russell & Co. Savage and his associates had had possession of the engine and mill, and had operated them, under an older agreement of purchase from Russell & Co., but which had been rescinded, or declared inoperative, thus leaving the title in Russell & Co. The engine and mill remained on the site where Savage and his associates had operated them. The sale to Lumpkin & White was defeated by a letter written by Savage to Lumpkin. In that letter Savage claimed the engine and mill as his property, described the lands on which he said they were situated, and notified Lumpkin not to go upon the lands "nor to touch the saw-mill nor engine there-

[Williamson v. New Orleans Insurance Association.]

on," or he would be dealt with as a trespasser. He further claimed in said letter that the property was in his possession, that he had so notified Russell & Co., and had further notified them that, if they set up any claim to the mill and engine, they would have to bring suit to get it "out of his possession." This statutory detinue was then instituted by Russell & Co., the property seized by the sheriff, and Savage gave bond, with sureties, to have the property forthcoming to abide the result of the suit, if he, Savage, was cast in the action. Still he attempted to defend this suit on the ground that he, Savage, had not the possession of the mill and engine when the suit was instituted. The Circuit Court did not err in holding that he had estopped himself from setting up that defense.—*Gamble v. Gamble*, 11 Ala. 966.

There was no error in giving or refusing charges.

Reversed and remanded.