# Southern Warehouse Co. *v.* Johnson.

### *Statutory Detinue for Mules.*

1. *Assessing separate value of articles sued for.*—In actions for the recovery of personal property in specie, the value of the several articles or chattels sued for must be assessed separately, if practicable (Code, § 2719); and where the action is brought to recover two mules, it can not be presumed in favor of the judgment, and in the absence of objection in the court below, that it was not practicable to assess the separate value of each. (*Eslava v. Dillihunt*, 46 Ala. 698, explained and limited.)

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellant, a corporation, against Isham Johnson, to recover the following personal property, as described in the complaint: "one red sorrel mule, one dark mare mule, one two-horse wagon, two cows, and one buggy." There was a demurrer to the complaint, "on the ground of uncertainty in the description of the property;" and the demurrer having been overruled, the cause was tried on issue joined. The jury returned a verdict for the defendant, and assessed the value of the property as follows: "two mules, $140; one wagon, $10; two cows, $20; one buggy, $15—$185." On this verdict the court rendered judgment for the defendant, for the specific property, or its alternate aggregate value as assessed. This judgment is here assigned as error.

TOMPKINS, LONDON & TROY, for appellant, cited *Averett v. Milner*, 75 Ala. 505; *Jones v. Anderson*, 76 Ala, 427.

ARRINGTON & GRAHAM, *contra*, cited *Eslava v. Dillihunt*, 46 Ala. 698; *Dover v. State*, 75 Ala. 40.

[Birmingham Water-Works Co. v. Hubbard.]

STONE, C. J.—The complaint in this case claims "one red sorrel mule," and "one dark mare mule." The affidavit for seizure gives the same description. In the absence of proof to the contrary, we must presume it was practicable to assess their value separately.—Code of 1886, § 2719. This is a statutory requirement, whose policy is obvious. The party cast in the action may be able to deliver a part of the property, and not the residue. Our rulings are all to the effect, that a failure to assess the separate values, when practicable, is a reversible error.—*Jones v. Anderson*, 76 Ala. 427; *Townsend v. Brooks, Ib.* 308; *Tait v. Murphy*, 80 Ala. 440; *Jones v. Anderson*, 82 Ala. 302; *Savage v. Russell*, 84 Ala. 103.

*Eslava v. Dillihunt*, 46 Ala. 698, was correctly decided, on the facts presented. The chattels were of a kind which showed on their face that their separate valuation was not practicable. The other reasons given for the ruling have not been observed in our later decisions, cited above.

Reversed and remanded.