# Howard v. Deens.

## Action in Detinue.

1. *Landlord and tenant; when no lien attaches.*—Where a landlord does not seek to enforce his lien by attachment as prescribed by statute (Code, § 2717), but sues the tenant in *assumpsit*, in such a proceeding no lien attaches to the property before the issuance and levy of an execution upon the judgment recovered; and no title to the property of the tenant is acquired by the purchaser under the execution until after sale thereunder.

2. *Mortgage; when lien superior to title of purchaser at execution sale.*—The registration of a mortgage is constructive notice to a subsequent purchaser at execution sale; and the lien of a recorded mortgage is, therefore, superior to that of a purchaser at execution sale against the mortgagor under an execution issued after the registration of the mortgage.

3. *Action in detinue; when unnecessary for value of several items of property to be assessed.*—In an action of detinue, where the testimony as to the value of the property sued for is with reference to the whole property, and there is no evidence before the jury as to the value of several items of the property sued for; and, in such case, where the verdict is upon the property as a whole, it is not error for the court to render judgment accordingly, assessing the gross value of the property.

APPEAL from the Circuit Court of Covington.

Heard before the Hon. JOHN P. HUBBARD.

The appeal in this case was prosecuted by the substituted defendant from a judgment in favor of the plaintiff in an action of detinue; and the appellant assigns as error the giving of the general affirmative charge in favor of the plaintiff.

J. F. JONES, for appellant, cited:—Code, sections 1476 and 4131; *Jones v. Anderson,* 76 Ala. 421.

B. H. LEWIS, *contra.*—The lien of a mortgage duly recorded is superior to that of a purchaser at sheriff's sale against the mortgagor under an execution issued after the registration of the mortgage;—*Troy v. Smith & Shields,* 33 Ala. 469.

A mortgage is operative as a record from the date of its delivery to the probate judge, and operates as notice from that time;—*Truss v. Harney,* 120 Ala. 636; *Heflin v. Slay,* 78 Ala. 180; *Leslie v. Hinson,* 83 Ala. 266.

The registration of a chattel mortgage is constructive notice to all subsequent purchasers;—*O'Neil v. Seaxins,* 85 Ala. 80; *Chadwick v. Russell,* 117 Ala. 290.

HARALSON, J.—Section 4141 of the Code relates to personal property levied on, which may be claimed by a stranger to the writ, and provides that when so levied on, and the stranger "Claims to own the title, legal or equitable, or a lien paramount to the right, title or interest in the property of the defendant in the writ, such person may try the right to such property before a sale thereof, upon making affidavit by himself, his agent or attorney, * * * that he holds such title to, or such lien upon the property, claimed and executing a bond with two good and sufficient sureties," etc.

Section 2634, very different from the foregoing section, relates to a case of detinue, when the defendant not claiming title may require an adverse claimant to come in and defend, by making affidavit that a person not a party to the suit, without collusion with him, claims the chattels, and pray an order that such person be required, on notice to come in and defend, etc.

Under section 4141, a claimant of property levied on, who claims to own the title to the property, *"Legal or equitable* or a lien paramount to the right, title or interest in the property of the defendant in the writ, may try the right to the property before a sale thereof," etc. A superior equitable title, or a lien paramount to the title of defendant, is as available to the claimant under this section as the legal title.—*Ballard v. Mayfield,* 107 Ala. 396; *P. G. Co. v. Ballard,* 107 Ala. 710. No such provision as this appears in said section 2634, and it is not applicable to cases arising thereunder.

This was an action of detinue commenced in the court below on the 25th of July, 1902, by J. I. Deens, the appellee, against T. II. Terry. On the 29th of July, the appellant gave the statutory replevy bond.

Afterwards, on the 19th of November, 1902, the defendant filed in the cause in the circuit court an affidavit, in conformity to said section 2634 of the Code, stating that C. J. Howard, not a party to the suit, claimed said property, and prayed for an order that said Howard be required to come in and defend his title to said property. Notice was accordingly issued to said Howard, and he came and made bond as prescribed by said section of the Code.

On the trial the defendant pleaded the general issue of *non detinet.*

The plaintiff proved the possession of the property of defendant, Terry, at the commencement of the suit, and its value. He also proved and introduced in evidence a mortgage to himself on the property sued for, executed by Merritt & Ray, under whom defendant also claimed, dated the 27th of August, 1901; which mortgage was shown to have been filed for record in the probate office of the county and duly recorded therein on the 29th of August, 1901.

It was also shown that the claimant, C. J. Howard, instituted suit in the justice's court, against said Merritt & Ray, on the 13th of August, 1901, in which suit a judgment was recovered against them in said court on the 24th of August, 1901, for $55.62, besides costs, on which judgment, after the lapse of five days, an execution

was issued and placed in the constable's hands; that, on
the 20th day of September, 1901, the property was sold
by the constable under the execution in said case; that
the plaintiff attended the sale of said property by the
constable and notified him that he had a mortgage on
the property, and forbade the sale. The evidence showed
that plaintiff's mortgage was executed and recorded be-
fore the execution offered by defendant was levied on
the property.

The defendant, Howard, proved and introduced in
evidence a contract, by which he rented to Merritt & Ray
his saw mill, on which the property sued for was placed,
for $30.00 a month, from the 11th of September, 1900—
for how long a time is not stated,—the rent to be pay-
able when due to Mattie J. Howard, the wife of the de-
fendant, C. J. Howard.

The court, at the written request of the plaintiff,
charged the jury that, if they believed the evidence, they
must find for the plaintiff.

The statute gave the landlord in this case, C. J. How-
ard, a lien for rent enforceable by attachment in the man-
ner prescribed by § 2717 of the Code. The defendant
did not seek to enforce his landlord's lien by attachment
as prescribed by said last named section, but he sought
his common law remedy, to sue in *assumpsit*, recover
judgment and have the property sold under execution.
In such proceeding, no lien attached to the property be-
fore the issuance and levy of the execution, and no title
was acquired by the purchaser under execution, until
after sale thereunder.

It is well held that the lien of a mortgage, duly re-
corded, is superior to that of a purchaser at execution
sale against the mortgagor, under an execution issued
after the registration of the mortgage.—*Troy v. Smith,*
33 Ala. 469;—and the registration of the plaintiff's
mortgage is constructive notice to a subsequent pur-
chaser at execution sale.—*Chadwick v. Russell,* 117 Ala.
290; *O'Neal v. Seains,* 85 Ala. 83.

The plaintiff's mortgage was older than any lien the
defendant acquired by the levy of his execution, of which
mortgage the defendant had notice before he purchased

the property, and the plaintiff's rights were superior to his. There was no error in the general charge given for the plaintiff.

The bill of exceptions sets out all the evidence adduced on the trial. In respect to the value of the property sued for, the testimony of the witnesses is stated *verbatim*. The evidence on this point consisted of the testimony of one witness on the part of the claimant, who testified that the value of the whole property was $100.00; and a witness on the part of the plaintiff fixed the value of the whole property at $150.00. There was no evidence before the jury as to the values of the several items of property. On this state of case, it affirmatively appears that it was impracticable for the jury to assess the value of the several items of property sued for. The statute requires the jury to assess the value of the separate articles of property only when practicable for them to do so. The court did not err in rendering judgment on the verdict, which assessed the gross value of the property in this case.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.