[Hensley v. Orendorff, et al.]

# Hensley *v.* Orendorff, *et al.*

## Detinue.

(Decided Nov. 14, 1907. 44 So. Rep. 869.)

1. *Detinue; Intervention of Claimants; Pleading and Proof.*—In an action of detinue where claimants are brought in under section 2634, Code 1896, the proceedings should be conducted as nearly as practicable as in statutory trial of the right of property under section 1484 of the Code, plaintiff alleging the legal title to the property and the immediate right of possession, which allegation is an affirmative one and places the burden of proof upon the plaintiff, though in effect, denying the claimant's rights; the claimants should not be treated as the actors plaintiff and made to carry the burden.

2. *Same; Pleading.*—The only pleading necessary in an action of detinue where a claimant is suggested, is the complaint and the statement of the substituted defendant's claim.

3. *Same; Evidence; Burden of Proof; Value of Property.*—Under section 1476, Code 1896, if the plaintiff has a verdict and desires that the alternate value of the property be assessed by the jury, plaintiff must prove the value of the property.

4. *Evidence; Similar Facts or Transactions.*—The price paid for an article which has been used for sometimes and become damaged is not evidence of its present value.

APPEAL from Morgan Circuit.

Heard before Hon. D. W. SPEAKE.

Detinue by James W. Hensley against I. Walton. The defendant, Walton, interpleaded suggesting Eliza A. Orendorff and others as claimants to the property sued for. There was judgment for claimant and plaintiff appeals. Affirmed.

· CALLAHAN & HARRIS, for appellee.—Before persons can question a right of others in respect to a certain subject matter they must have a legal interest therein themselves.—*Fletias v. City of New Orleans,* 24 South. 623; *Horn v. Volcano Water W. Co.,* 73 Am. Dec. 569; *Dennis v. Spencer,* 38 Am. St. Rep. 499. If the property was

held by the Lacon Brick & Tile Co, the fact that Turner was a shareholder would not entitle him to sue for or recover the property.—*1st Nat. Bank v. Winchester,* 119 Ala. 172; 0 Cyc. 760. He could not control the property by virtue of being president of the company.—10 Cyc. 903. By the execution of the instrument by Clanahan at the time of his purchase wherein title was reserved to Hensley it was thereby agreed between the parties that as a matter of law the machine should remain a chattel although attached to the land.—*Warren v. Liddell,* 110 Ala. 243; *Edwards v. Banks,* 73 Am. St. Rep. 515; *Tift v. Horton,* 13 Am. St. Rep. 570. The giving of the subsequent mortgage did not, in any wise, displace or affect the personal character of the fixture.—*Wood v. Holly Mfg. Co.,* 100 Ala. 347; *Andrews v. Chandler,* 27 Ill., App. 103. An agreement that a fixture shall be personalty is binding on a subsequent purchaser of the realty without notice, but as to third persons without notice some authorities hold that it is not binding, the former is the rule in Alabama.—*Warren v. Liddell, supra; Adams Machine Co., v. Interstate B. & L. Asso.,* 119 Ala. 98; *Russell v. Richards,* 25 Am. Dec. 254: *Ford v. Cobb,* 20 N. Y. 344. Hensley's record mortgage was notice to the defendant.—*Miller v. Griffin,* 102 Ala. 610. The evidence does not support the proposition that the machine was annexed to the land.—*Rogers v. Prattville Merc. Co.,* 81 Ala. 487. Mrs. Orendorff, under the evidence, was not a purchaser for value.—*Shorter v. Frazer,* 64 Ala. 81; *Wood v. Holly Mfg. Co., supra.* She had sufficient facts to put her on notice.—*Herbert v. Hanrick,* 16 Ala. 956; *Wilson v. Wall,* 34 Ala. 305. Where no value is proven in detinue the jury is authorized to find nominal damages.—*Oden v. Stubblefield,* 2 Ala. 688. As the property was not taken by plaintiff and as no bond was given either by plaintiff or defend-

ant there was no necessity for finding value.—*Lucas v. Daniels,* 34 Ala. 191.

E. W. GODBEY, and O. KYLE, for appellee. Edwards and Turner must be protected as bona fide purchasers without notice.—*Jenks v. Caldwell,* 11 Am. St. Rep. 025. The party encumbering the land by encumbering the machinery which became a part of the land was a stranger to the record title which Edwards and Turner purchased.—*Tenn. C. I. & R. R. Co. v. Gardner,* 131 Ala. 995; *Pearce v. Smith,* 126 Ala. 118. The first mortgage nullified the conditional sales contract, and the conditional sales contract was not recorded, so there can be no recovery on that.—*Harrison v. Maury,* 140 Ala. 523; *Hickman v. Richbourg,* 122 Ala. 658; *Fields v. Drennan,* 115 Ala. 588. It is not shown when the suit was instituted that the law day of the first mortgage was passed.—*Hearst v. Bell,* 72 Ala. 340; *Jackson v. Rutherford,* 73 Ala. 156; *Draper v. Walker,* 98 Ala. 313; *Henderson v. Pilley,* 131 Ala. 551; *Johnson v. Wilson,* 137 Ala. 470. The first mortgage was never recorded, and hence, was not notice, but as between the parties it was binding and left no title in the mortgagor which could be conveyed by subsequent mortgage so as to support detinue.—*Hatchett v. Moulton,* 76 Ala. 410; 9 Cyc. 249. Edwards and Turner are bona fide purchasers without notice as against all these muniments of title.—*Pique v. Arrandale,* 71 Ala. 97; *Robinson v. Bullockk,* 66 Ala. 554; *Lee v. Kassan,* 61 Ala. 316. Edwards and Turner were purchasers before the court assumed any jurisdiction of the real person or of the res.—*Abrahams v. Johnson,* 65 Ala. 463; *Duncan v. Schloss,* 126 Ala. 461; *Cobb v. Cage,* 7 Ala. 619. Mrs. Orendorf had the right to defend for the benefit of her vendees and warranties, and Edwards had a right to act.—*Rotten v. Collier,* 105 Ala.

581. The substituted defendants were not required to take the affirmative of the issue or to assume the burden of proof.—*Merchants' Nat. Bank v. Bales*, 41 South. 157. The failure to prove the value of the fixture is fatal to plaintiff's case.—*Gerson v. Norman*, 111 Ala. 433; *Averett v. Milner*, 75 Ala. 505; *Green v. Lewis*, 85 Ala. 211. The price of the machine on the day of the purchase was no criterion of its value two years afterwards. —*Gerson v. Norman, supra.*

TYSON, J.—This action is detinue for the recovery of personal property, namely, one Monarch brick machine, and was brought against I. Walton. Walton interpleaded under the statute, making the required affidavit. Section 2634 of the Code of 1896. The claimants suggested by him appeared, made themselves parties defendant, and after much pleading which was wholly unnecessary, based upon a misconception of the proper procedure in this character of cases, there was a verdict and judgment for the claimants.

The trial court, as shown by the record, treated the claimants, who became by their interposition substituted defendants, as actors (plaintiffs) in the case, and directed by its ruling the issues to be made by the pleadings, and the trial to conform to this theory. This was clearly a mistake. We doubt not that a claimant who appears and defends in the place of the original defendant should propound his claim to the property in writing with such degree of clearness, certainty, and fullness as that the plaintiff may be informed of the character of his title and the court may be enabled to judge whether he has or has not a title to the property in controversy. But we apprehend that no stricter rule obtains with respect to the statement of his title, be it legal or equitable, than is required under the statute au-

thorizing his intervention for the purpose of a trial of the right of property. Section 1484 of the Code of 1896. No good reason exists why the rule should be different in the two classes of cases. In each the contested issue between the plaintiff and the substituted defendant for all practicable purposes is the same. It is, to which of them does the property belong? And all the legal refinement as to the mode to be resorted to, in the way of pleading, must inevitably culminate in the issue we have stated. The obvious purpose sought to be accomplished by the statute was to institute a regulation by which a defendant, claiming no title to the property, could rid himself of the harassment of two actions and to enable the rival claimants to have their respective claims adjudicated in a cheap and summary way. We have used the word "regulation" advisedly.

No new right or remedy was created or conferred by the statute. It exitsed at common law in this class of actions. In actions of detinue, even at an early period in the history of the common law, a defendant, claiming no interest in the property, was permitted to suggest the claimant, and could require him to intervene and defend the action, or else disclaim title to the property. Indeed, the remedy of interpleader by a defendant so situated, except by bill in equity, did not obtain in any personal action under the common law, except in actions of detinue.—3 Reeves, History of English Law, pp. 448, 455; 2 Story, Eq. Jur. § 801.

The section of the Code of 1896 (section 2634) under which the remedy of interpleader was resorted to in this case is unlike in this respect to the preceding section of the Code of 1896 (section 2633), in that the latter section not only created the right and remedy as well as the mode in which the remedy is to be invoked and pursued. It follows, therefore, that what is said in our

[Hensley v. Orendorff, et al.]

cases with regard to the formation of the pleadings in cases brought under the latter section named has no application to this case. But none of these cases go so far as to impose upon the claimant, the substituted defendant, the burden resting upon a plaintiff, the actor in the action, whatever else they may hold with respect to the sufficiency of the statement of the claimant and the plaintiff's right to demur, answer, or reply to it.

In consonance with the spirit and purpose of the statute, the proceedings in this class of cases should be, as far as practicable, assimilated to and conducted as are proceedings in the statutory trial of the right to property authorized by section 1484; and, where the proceeding is under that statute, "the plaintiff must allege that he has the legal title to the property, the subject of the acion, and the right of immediate possession. This is essential to support an action of detinue. The allegation is affirmative, and a negative of the truth of the claim of the claimant. As the plaintiff has the affirmative of the issue, the burden of proof will rest on him." —*Keyser v. Maas,* 111 Ala. 394, 21 South. 346. This issue is one the law makes up between the plaintiff and the substituted defendant, and really the only pleading necessary to a proper presentation of the disputed question of title to the property between them is the complaint and the statement of the substituted defendant's claim. If this method of forming the issue is conformed to, the trial is simplified, and the jury will be enabled more readily and intelligently to comprehend the issue of fact they are to determine. Of course, the verdict and judgment must conform to the requirements prescribed by the statute in detinue, just as though the contest was between the plaintiff and the original defendant.—41 South. 516.

[Hensley v. Orendorff, et al.]

If the verdict should be for the plaintiff, and the property is in the possession of the substituted defendant, the alternate value of the property must be assessed by the jury; or if the verdict be for the substituted defendant, and the property in the plaintiff's possession, its alternate value must also be assessed.—Section 1476 of the Code of 1896. When the property is in the possession of the substituted defendant, as here, to entitle the plaintiff to recover, he must offer proof of its value. This burden is upon him, and not upon the defendant.— *Gerson v. Norman,* 111 Ala. 433, 20 South. 453; *Averett v. Milner,* 75 Ala. 505; *Greene v. Lewis,* 85 Ala. 221, 4 South. 740, 7 Am. St. Rep. 42; *Wittick v. Keiffer,* 31 Ala. 199; *Bell v. Pharr,* 7 Ala. 807.

There was a failure to prove value in this case. The only evidence offered was that showing the extent of detriment to the land and plant by the removal of the machine sued for, which was fixed at about $850, the price of the machine. If the price agreed to be paid for the machine in Indianapolis, Ind., where purchased, be conceded to be evidence of its value at the place where it was subsequently put in operation, it was clearly no evidence of that fact some two years later, after it had been operated for that length of time. Furthermore, the testimony tended to show that one of the arms of the machine was cracked when the purchaser received it after shipment at the point of destination. How much this defect and the use of the machine for nearly two years would reduce its value from the original cost price is purely conjectural. In short, in the absence of some evidence of the value of the machine at the date of the bringing of the action in its then condition, the whole matter with respect of value was left at large and to the guess of the jury.—*Gerson v. Norman, supra.*

The giving of the affirmative charge at the defendant's request was proper.

Affirmed.

SIMPSON, ANDERSON, and DENSON, JJ., concur.