646      SUPREME COURT      [Vol.

[Butler-Kyser Manufacturing Co. v. Central of Ga. Ry. Co., et al.]

# Butler-Kyser Manufacturing Co. *v.* Central of Georgia Ry. Co., *et al.*

## *Detinue and Claim.*

(Decided December 17, 1914.  67 South. 393.)

1. *Detinue; Title to Property.*—To ·maintain an action in detinue a plaintiff must show a general or special property in the property claimed, or some identified part thereof, and a right to immediate possession, and, if he has never been in possession, he must show a legal title; hence, in this action, under the evidence, plaintiff could not recover, as the evidence shows at most only an equitable claim to some unidentified part of the cotton of which he has never been in possession.

2. *Same; Equitable Title.*—The provisions of section 3069, Code 1907, do not change the rule that an equitable title will not support detinue, even when a claim to the property was interposed by a third person.

3. *Appeal and Error; Harmless Error; Evidence.*—A plaintiff is not prejudiced by errors committed on the trial where such plaintiff was not entitled to recover under the evidence offered and excluded.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Detinue by the Butler-Kyser Manufacturing Company against the Central of Georgia Railway Company, for the recovery of certain cotton in specie, with claim thereto interposed by Weil Brothers. Judgment for claimants and plaintiff appeals. Affirmed.

RIDDLE, ELLIS & RIDDLE, for appellant.

GEORGE A. SORRELL, for appellee.

MAYFIELD, J.—Appellant sued appellee in detinue to recover 64 bales of cotton. Appellee railway company suggested Weil Bros. as claimants, who did interpose claims to the cotton sued for as is authorized

by statute.—Code 1907, §§ 3778-3792. The trial re-sulted in a judgment for the claimants, from which judgment plaintiff prosecutes this appeal.

The cotton in question was bought from various farmers who raised it, by a mercantile firm at Kelly-ton, Ala., and sold by this firm to a bank at Alexan-der City, Ala., and by the bank sold to Weil Bros., claimants, at Montgomery, Ala., and was in the posses-sion of the railway company as a common carrier, when the plaintiff had it seized under its writ of detinue.

The plaintiff seems to base its sole claim and title to the property upon a contract which it had with O. D. Mitchell & Co. for the sale of commercial fertilizer, by which contract O. D. Mitchell & Co. were to sell the fertilizer to the farmers and take their notes for the purchase price, which notes were to be the property of plaintiff until O. D. Mitchell & Co. had paid plaintiff in full the purchase price of the fertilizer; and O. D. Mitchell & Co. were to collect the notes as agents of plaintiff.

(1) The trial court properly gave the affirmative charge for the claimants. The plaintiff did not prove title to a single bale of the cotton, nor did it offer any evidence which was excluded, which, if allowed, would have proved title to a single bale of cotton. The most that plaintiff's evidence tended to show was an equit-able claim to some part of the cotton, but as to which particular part or bale, there was no evidence to show, or tending to identify it. The burden was, of course, on the plaintiff to prove that it had a general or a special property in the cotton or some identified part thereof, and the right to the immediate possession, and, if it has never had the actual possesion, it must show a legal title.—*Reese v. Harris*, 27 Ala. 301; *Stoker v. Yerby,* 11 Ala. 332; *Hensley v. Orendorff,* 152 Ala. 599,

44 South. 869; *Keyser v. Maas,* 111 Ala. 390, 21 South. 346.

(2) An equitable title will not support an action of detinue.—*Jones v. Anderson,* 76 Ala. 427; *Ballard v. Mayfield,* 107 Ala. 396, 18 South. 29. While the statute (Code, § 6039) has changed the rule as to statutory claim suits, it has not changed the rule as to actions of detinue, even where a claim is interposed by a third party. It is limited to cases where property is levied on under attachments or executions, and does not apply to detinue suits.

We do not intimate that the plaintiff in this suit showed any equitable title to the cotton in question. It is certain that it did not show any kind of valid claim, right, or title to some of the cotton; nor did the evidence show, or even tend to show, that part to which it did not have such claim. There was no attempt in the complaint to describe or identify any particular bale or bales of cotton.

The property is described in the complaint as follows: "The plaintiff claims of the defendant the following personal property, to wit: Sixty-four bales of lint cotton in the possession of the defendant at Kellyton, Ala., part of same being in a car or two cars and the remainder on the platform of defendant's depot at Kellyton, and same being the cotton delivered to defendant by O. D. Mitchell & Co., or Weil Bros., or both of said parties, or by G. F. Parks for shipment."

The plaintiff having utterly failed to show title or right to the possesion of the cotton sued for, or to any particular bale, it could not recover in this action. There was no room or place for the application of the doctrine of commingling of goods against the claimants. It was wholly immaterial in this case, so far as

[King v. Thomas, et al.]

the plaintiff is concerned, whether it had paid cash to the bank for the cotton or had bought it on a credit.

(3) It is wholly unnecessary to consider other questions raised on this appeal. If all should be decided in favor of appellant, still it would have shown no right to a verdict, and the error would be without possible injury to appellant.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.