# Nixon *v.* Smith, *et al.*

## Detinue.

(Decided May 13, 1915. 69 South. 117.)

1. *Detinue; Evidence.*—Where plaintiff was the only one who testified as to the value of the property in controversy, a verdict for defendant fixing the value of the property at a greater sum is without support in the evidence.

2. *Same; Verdict.*—Where several articles are claimed in detinue, the verdict should fix or assess the value of each article separately as required by Section 3781, Code 1907.

3. *Appeal and Error; Verdict; Remittance.*—Where there was a verdict for defendant in detinue which erroneously fixed the value

of the property, which had been taken by plaintiff, at a sum greater than the value shown by the evidence, and the plaintiff appeals, the appellate court will not reverse and remand the cause, but will affirm on the condition that defendant remit the excess, and in case of his refusal will reverse and remand.

4. *Same; Verdict; Review; Assignment.*—Where the assignments of error did not particularly point out the defect of the failure of the verdict to assess the value of each article separately, appellant cannot complain that the court received the verdict and rendered judgment in accordance therewith, although the verdict did not separately assess the value.

(Sayre, J., dissents in part.)

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Detinue by J. N. Nixon against W. H. Smith and others. From a judgment for defendants in circuit court, on appeal from a justice's court, plaintiff appeals. Affirmed on condtion that defendants enter a remittitur, otherwise reversed.

Transferred from the Court of Appeals under section 6, Acts of 1911, p. 450.

The following are assignments referred to:

The court erred in overruling appellant's objection to the question propounded to Henry Smith as follows: "Well, did Nixon put you off his place?" And the answer thereto: "He came there and got my property, and said I would have to get out, and wanted me to turn the land over to him, and I told him that I would wait a few days till I could get me a place."

STREET & ISBELL, for appellant.

JOHN A. LUSK & SON, for appellee.

McCLELLAN, J.—Detinue, begun in a justice's court, by appellant against appellees.

The property in question is "two red brindle cows and one light red yearling," the aggregate value of

[Nixon v. Smith, et al.]

which is, as shown by the evidence, $45. The plaintiff prevailed in the first court, whereupon the defendants appealed to the circuit court, superseding the judgment rendered in the justice's court. The defendants having failed to make bond for the retention of the cattle, as provided by Code, §§ 3778, 3780, the plaintiff was accorded the possession of the property in virtue of the bond made by him under Code, § 3780. So the plaintiff was in possession when the case was tried in the circuit court.

(1) In the circuit court, the defendants suggested that the suit was founded on a mortgage, and moved the court to ascertain the amount due thereon. "Issue having been made up under the direction of the court," the jury returned a verdict upon the "issues in favor of the defendants," and assessed the value of the animals at $60. Judgment was accordingly rendered in favor of the defendants, and for the sum of $60, the value of the property assessed by the jury.

Now the only evidence in the record as to the value of the property was given by the plaintiff. He testified: "One of the cows is worth about $20, the other about $18, and the yearling is worth $7."

The highest value thus shown was $45.

The plaintiff's motion for a new trial (its second ground) took the objection that the verdict's assessment of the value of the property was in excess of that shown by the evidence. This ground was well taken. It was hence error to overrule the motion on that account.

(2) Where the maximum effect of an erroneous ruling is precisely calculable in money terms, and its operation is clearly and certainly limited to causing merely a definite addition to the amount of the ver-

dict, it is the general practice of the American courts to refuse to reverse the judgment on that account, if the other party seasonably enters a remittitur of such amount in the trial court, or if, upon notice, he does so in the appellate court.—3 Cyc. 436, and cases cited. The principle of this rule has been sanctioned in this state, and is, indeed, founded on the soundest considerations of justice and policy.—*Cook & Laurie Co. v. Bell,* 177 Ala. 618, 635, 59 South. 273; *Hinson v. Williamson,* 74 Ala. 180; *Kennon v. Gilmer,* 131 U. S. 22, 9 Sup. Ct. 696, 33 L. Ed. 110. In *Cook & Laurie Co. v. Bell,* we said: "The application of this practice (of remittitur) is especially simple and satisfactory in a case like the present, where the excess is precisely calculable and separate from the gross amount awarded. To set aside a verdict in the lower court, or to reverse a judgment on appeal because of such an error, in the face of the plaintiff's offer to remit the excess, would be a reproach to judicial procedure."

This being the only error appearing in the record, an order will be entered here reversing the judgment, unless the appellees shall, within 10 days after the receipt of notice to this end, remit the difference between $45, the value shown by the evidence, and $60, the amount of the judgment.

(3) The verdict should have assessed the value of the animals separately.—Code, § 3781.

(4) But this error in the verdict was not appropriately questioned in any way in the trial court. The assignments of error on the record do not particularly, as is requisite, point out this defect in the verdict. The court did not err in "receiving" the imperfect verdict, as the fourth assignment complains; nor did it err in entering judgment on the verdict, as asserted in the

fifth assignment, for the judgment could only follow the verdict.

There was no error in the rulings on the evidence complained of in the first and second assignments.

The judgment is reversed upon the condition statted; but if the appellees enter, as stipulated here, the remittitur indicated, the judgment will be affirmed.

Reversed conditionally. All the Justices concur, except SAYRE, J., who holds that the reversal should not be conditional.