(78 South. 758)

GWIN v. EMERALD CO., Inc. (1 Div. 12.)

(Supreme Court of Alabama. April 18, 1918.)

1. DETINUE &⪼22 — PROOF OF VALUE OF PROPERTY—VERDICT FOR DEFENDANT.

Under Code 1907, § 3781, providing that upon the trial of an action in detinue the jury must, after they find for plaintiff, assess the value of each article separately, if practicable, and also assess damages for its detention, and if they find for defendant, they must in like

manner assess the value, and if in possession of the plaintiff assess damages for its detention, where plaintiff has failed to prove the value of the property sued for judgment cannot be entered for him, and it is not error to give a general charge for defendant.

2. DETINUE &⪼18—BURDEN OF PROOF—TITLE.

The burden is on plaintiff in detinue to prove that he has a general or special property in all or some identified part of the chattels sued for, with the right to immediate possession, and if he has never had actual possession, he must show legal title.

3. BAILMENT &⪼16 — CONVERSION — ASSIGNMENT.

An attempted assignment by bailee contrary to the terms of a bailment is a conversion.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Detinue by Hovey P. Gwin against the Emerald Company, Incorporated. Judgment for defendant, and plaintiff appeals. Affirmed.

Stevens, McCorvey & McLeod, of Mobile, for appellant. Gregory L. & H. H. Smith, of Mobile, for appellee.

THOMAS, J. The suit is in detinue, for the recovery of "all plates and dies, together with the records and indexes appertaining thereto, formerly used in the stationery and engraving business by the E. O. Zadek Jewelry Company at Mobile." All the evidence being introduced, each of the parties litigant requested in writing the general charge, which was refused to the plaintiff. When defendant requested said charge, the court asked its counsel if they "ought not to prove the value of the property sued for," to which counsel replied that:

"In view of the fact, as shown by the sheriff's return, that the defendant had given bond and had possession of the property sued for, and * * * that the court had already stated, after hearing the statements of the counsel to the jury, that upon the facts there stated the affirmative charge would be given for the defendant, it was unnecessary for them to prove the value of the property."

The rulings of the court in giving the affirmative charge for the defendant, and refusing the same to the plaintiff, are each duly assigned as error.

Pretermitting, for the moment, a consideration of the several assignments of error based on rulings on the admission of evidence, it is to be observed that there was no evidence from which the jury could determine the alternate value of the property for which this suit was brought; and such being the fact, even if the evidence had otherwise warranted a verdict in his favor, plaintiff was not entitled to recover. The statute reads:

"Upon the trial, the jury must, if they find for the plaintiff, assess the value of each article separately, if practicable, and also assess damages for its detention; if they find for the defendant, they must in like manner assess the value, and, if in the possession of the plaintiff, assess damages for its detention. Judgment against either party must be for the property sued for, or its alternate value, with damages

for its detention to the time of trial." Code 1907, § 3781.

A judgment entry in detinue which fails to assess the value of the property sued for, and for which recovery is had, or its alternate value, is insufficient as not being in compliance with the statute. Slaughter v. Webster, 194 Ala. 642, 70 South. 128; Kirkland v. Pilcher, 174 Ala. 170, 57 South. 46; Jernigan v. Willoughby, 159 Ala. 650, 48 South. 812; McCullough v. Floyd, 103 Ala. 448, 15 South. 848; South. Warehouse Co. v. Johnson, 85 Ala. 178, 4 South. 643; Lassiter v. Thompson, 85 Ala. 223, 6 South. 33; Wittick's Adm'r v. Keiffer, 31 Ala. 199; Brown v. Brown, 5 Ala. 508; Nixon v. Smith, 193 Ala. 443, 69 South. 117. Chief Justice Stone (Southern Warehouse Co. v. Johnson, supra), discussing the reason of the statutory requirement, had this to say:

"In the absence of proof to the contrary, we must presume it was practicable to assess their value separately. * * * This is a statutory requirement, whose policy is obvious. The party cast in the action may be able to deliver a part of the property, and not the residue. Our rulings are all to the effect that a failure to assess the separate values, when practicable, is a reversible error. Jones v. Anderson, 76 Ala. 427; Townsend v. Brooks, 76 Ala. 308; Tait v. Murphy, 80 Ala. 440 [2 South. 317]; Jones v. Anderson, 82 Ala. 302 [2 South. 911]; Savage v. Russell, 84 Ala. 103 [4 South. 235]." Jones v. Pullen, 66 Ala. 309; Nixon v. Smith, 193 Ala. 443, 69 South. 117; Slaughter v. Webster, 194 Ala. 642, 70 South. 128.

"If the alternate values of the specific chattels sued for are not to be had, the verdict and judgment should be for the value thereof as assessed by the jury," where the plaintiff recovers. Kirkland v. Pilcher, 174 Ala. 170, 57 South. 46.

"If the verdict should be for the plaintiff, and the property is in the possession of the substituted defendant, the alternate value of the property must be assessed by the jury; or if the verdict be for the substituted defendant, and the property in the plaintiff's possession, its alternate value must also be assessed. Section 1476 of the Code of 1896. When the property is in the possession of the substituted defendant, as here, to entitle the plaintiff to recover, he must offer proof of its value. This burden is upon him, and not upon the defendant. * * * In short, in the absence of some evidence of the value of the machine at the date of the bringing of the action in its then condition, the whole matter with respect of value was left at large and to the guess of the jury. Gerson v. Norman, 111 Ala. 433 [20 South. 453]. The giving of the affirmative charge at the defendant's request was proper." Hensley v. Orendorff, 152 Ala. 599, 605, 606, 44 South. 869, 871.

The holding on this point in Gerson v. Norman, 111 Ala. 433, 20 South. 453, was to the effect that, on the trial of an action of detinue for cotton, which is in the possession of the defendant under a forthcoming bond, though it may not be necessary to prove the value of each bale of cotton separately, yet it is necessary to furnish proof by which the jury can ascertain the aggregate value of the property sued for; and proof of the "value of the cotton during the year" of its wrongful detention, without any evidence of the grade or quantity, is insufficient, and that a verdict rendered upon such evidence is erroneous.

201 Ala.—25

See, also, Hooper v. Pierce, 151 Ala. 505, 44 South. 386; Averett v. Milner, 75 Ala. 505; Greene v. Lewis, 85 Ala. 221, 4 South. 740, 7 Am. St. Rep. 42; Wittick v. Keiffer, supra; Bell v. Pharr, 7 Ala. 807.

Appellant in argument insists that it will be noted that:

"Neither the value of the property involved in this suit nor the value of the right to the custody and possession thereof was proved, but this, of course, was entirely unnecessary. The defendant gave bond and took possession of the property sued for, and has at all times since retained such possession. In fact * * * counsel for the defendant [appellee] stated that under the circumstances mentioned, it was unnecessary to prove the value of the property involved in the suit."

Cited in support of this position are the cases of Lucas v. Daniels, 34 Ala. 188, 191; Jones v. Pullen, 66 Ala. 306, 310; Barnhill v. Howard, 104 Ala. 412, 417, 16 South. 1; Padgett v. Gulfport Fertilizer Co., 11 Ala. App. 366, 381, 66 South. 866. This statement of defendant's counsel was in reply to the question of the court as to the necessity for the defendant to prove the value of the property sued for; it answered that this burden of proof did not rest on the defendant. It was no answer as to that proof by the plaintiff, on which to rest a judgment; nor was it a waiver of such necessary proof by the plaintiff.

Judge Mayfield, in his Digest of Alabama Reports (volume 6, p. 268, § 45), observes that "the law does not require a separate assessment of value of each article in all actions of detinue" (Hammond v. Lusk, 150 Ala. 487, 43 South. 573; Howard v. Deens, 143 Ala. 423, 39 South. 346; Downs v. Bailey, 135 Ala. 329, 33 South. 151); and that it is not error to fail to assess the value of each article "if the property is in the possession of the successful party." This, in effect, was the reply of defendant's counsel to the court's inquiry as to the necessity of assessing the value of the property in defendant's possession, when the affirmative charge was requested by, and given in behalf of defendant. Judge Stone supports this codification of the earlier decisions on the point by Judge Mayfield. He said:

"The plaintiff made the necessary oath, and the sheriff took possession of the property under the writ. The defendant neglecting or failing to give bond for the delivery of the property, if cast in the suit, the plaintiff gave bond, under section 2943 of the Code, and received the possession of the property sued for. The plaintiff was therefore in possession of the property when the case was tried; and, succeeding in the action, there could be no reason for assessing its value, either separately or in gross. It could have accomplished no result whatever, and the defendant was in no sense injured by the failure. Miller v. Jones, 29 Ala. 174; Rambo v. Wyatt, 32 Ala. 363, 70 Am. Dec. 544; Lucas v. Daniels, 34 Ala. 188; Rose v. Pearson, 41 Ala. 687." Jones v. Pullen, 66 Ala. 309, 310; Dykes v. Clarke, 98 Ala. 657, 13 South. 690.

[1] There was no evidence of such value of the property sued for, offered by plaintiff or excluded by the court; hence no proper ver-

dict could have been rendered by the jury for the plaintiff, nor judgment for him entered thereon by the court, as required by statute. The trial court cannot be put in error for refusing the plaintiff's general charge and giving the defendant's general charge, when the plaintiff did not discharge the burden of proof resting upon him (Hensley v. Orendorff, supra, 152 Ala. 605, 44 South. 869) by offering evidence necessary to support a verdict in his favor.

[2] The burden is on a plaintiff in detinue to prove that he has a general or a special property in all or in some identified part of the chattels sued for, with the right to its immediate possession; and if such plaintiff has never had the actual possession, he must show a legal title. Butler-Kyser Mfg. Co. v. C. of G. Ry. Co., 190 Ala. 646, 67 South. 393; Hensley v. Orendorff, supra; Keyser v. Maas, 111 Ala. 390, 21 South. 346; Reese v. Harris, 27 Ala. 301. An equitable title will not support this action. Ballard v. Mayfield, 107 Ala. 396, 18 South. 29; Jones v. Anderson, supra; Smith v. Davenport & Co., 12 Ala. App. 456, 458, 68 South. 545.

[3] The evidence in this case failed to show that plaintiff was ever in the possession of the property in question as its owner or as a bailee. He sought to prove that the plates and dies belonged to the many individuals whose names Zadek Jewelry Company had engraved; that they had been left by their respective owners with that company, that it might make engraving therefrom as from time to time requested so to do by said owners; that the right of possession was transferred from Zadek Jewelry Company to one Pake, and by him, through several instruments sought to be introduced in evidence, to plaintiff. The jewelry company was a mere bailee, without property interest in the chattels assignable by it to the plaintiff. Any attempted assignment, contrary to the terms of the bailment, is a conversion of the subject. St. John v. O'Connel, 7 Port. 466, 480; Moseley v. Wilkinson, 24 Ala. 411, 416; Cartlidge v. Sloan, 124 Ala. 596, 602, 26 South. 918; Ledbetter v. Thomas, 130 Ala. 299, 30 South. 342; 2 Ala. Cyc., Dig. p. 173, § 12; Baldwin v. Cole, 6 Mod. 212; McCombie v. Davis, 6 East. 537; Wyatt v. Blades, 3 Camp. R. 395. An absolute sale of a chattel by one who has possession under a contract, as for hire, does not transfer to the vendee the right of use for the unexpired term; being a violation of the contract of bailment, it gives the owner the immediate right of possession. Nelson v. Bondurant, 26 Ala. 341; Hair v. Little, 28 Ala. 236, 249, 250; Atkinson v. Jones, 72 Ala. 248.

In Ruling Case Law (volume 3, pp. 112, 113, §§ 35, 36), treating of the question of the right of a bailee at will and that of a bailee subject to a personal trust, to dispose of the property, it is said:

"A fortiori, when a bailor intrusts his property to the care and custody of the person with whom he contracts for its hire, he confers on him no general right of disposing of its use or enjoyment as he may see fit, but generally the ordinary simple bailment by its very terms imports a personal trust which cannot be transferred. Therefore any attempt on the part of the bailee by sale, lease, pledge, or otherwise, to part with the title or possession of the subject-matter of the bailment constitutes a conversion thereof and is regarded as putting an end to the bailment on the part of the bailee. Such is the rule in all cases where the bailment can properly be regarded as a personal trust in the bailee, and in general in all those cases where the bailment is at will, that is, during the pleasure of both parties. * * * There is a large class of bailments where the bailment is accompanied by other contracts or stipulations, which affect its character, and give to the bailee other rights, not incident to a simple bailment, and where there is no personal confidence, and none of the characters of an estate at will; where it is entirely consistent with the analogies existing in the case of real estate to hold that the bailee has an assignable interest which may be transferred to a third person, and where such an assignment, upon the common principles governing courts, would be enforced and protected as between the parties, and as against all persons whose interests are not injuriously affected by the transfer. Of the cases which present themselves as falling within this class may be mentioned the pledge, or pawn, where there is ordinarily nothing like personal confidence, and the contract is in no sense determinable at the pleasure of a party, but the bailee has an interest, or, as it might be said, a quasi estate, in the goods till they shall be redeemed." Day v. Bassett, 102 Mass. 445; Bailey v. Colby, 34 N. H. 29, 66 Am. Dec. 752, and note; Vincent v. Cornell, 13 Pick. (N. Y.) 294, 23 Am. Dec. 683.

It has been held that where the stipulation was that the bailee was to use the thing bailed in his business, this did not authorize such bailee to lease or dispose of the property to another. Jones v. Fort, 36 Ala. 449; Crosswell v. Lehman, Durr & Co., 54 Ala. 363, 25 Am. Rep. 684; Crocker v. Gullifer, 44 Me. 491, 69 Am. Dec. 118; Persch v. Quiggle, 57 Pa. 247; Van Zile on Bailment (2d Ed.), p. 95 et seq.; 6 Corpus Juris, p. 1129, § 68; 5 Cyc. 190.

The nature of the bailment in the case at bar forbids that the bailee should have an assignable interest in the property in question, since the bailment can be properly regarded only as a personal trust in the bailee —the bailment at will by the respective owners of the plates and dies left by them with their jeweler for further use, as their business necessities, or social requirements, or free will or pleasure, might dictate.

It results from the foregoing that there was no error in the exclusion of the several instruments by and through which the Emerald Company sought to show title.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.