# Gustin v. Wilson.

## Detinue.

(Decided November 7, 1914. 66 South. 461.)

1. *Detinue; Plaintiff's Ownership; Taxes; Possession as Agent.*— Where the action was detinue for certain staves, and defendant pleaded the general issue only, and plaintiff proved a conveyance of the timber on the land from which the staves had been cut, evidence that plaintiff had not paid for the timber conveyed by the deed, had not paid taxes on the land, and that defendant had sold the staves, prior to the bringing of the action, and was in possession merely as agent of the purchaser, was not within the issues, and was therefore inadmissible.

2. *Same; Possession; Denial; Estoppel.*—Where it was undisputed that defendant had manufactured and removed the staves from. certain lands, the timber on which had been conveyed to plaintiff, and on a service of the writ of detinue for the staves, defendant gave a forthcoming bond, and instituted no claim in favor of the alleged purchaser prior to suit brought, he.was estopped to deny that he was in possession of the staves at the commencement of the suit, and to claim that his possession was merely that of custodian or agent for his transferee.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Detinue by H. K. Gustin against C. C. Wilson for certain staves. Judgment for defendant and plaintiff appeals. Reversed and remanded.

H. L. MARTIN and J. E. ACKER, for appellant. The deed offered conveyed the legal title to all the timber mentioned therein.—*Zimmerman v. Daffin*, 149 Ala. 380. A timber deed should be recorded.—*Milliken v. Faulk*, 111 Ala. 658. Defendant was a trespasser in the taking of the staves and the selling of them.—80 Ala. 230. Under the facts in this case, defendant was estopped from denying possession at the time suit was brought, and the court erred in refusing charges 1 to 40 requested by appellant. Plaintiff was entitled to the

[Gustin v. Wilson.]

affirmative charge.—*Burns v. Campbell*, 71 Ala. 271; *Henderson v. Phelps*, 58 Ala. 590; *Street v. Nelson*, 80 Ala. 590.

W. L. LEE, for appellee. No brief reached the reporter.

MAYFIELD, J.—This is an action of detinue, by appellant, for several thousand oak staves. The sheriff executed the writ and made return, showing the seizure of the staves sued for. The defendant replevied the property by executing bond therefor, as authorized by the statutes. The trial was had on the general issue and resulted in verdict and judgment for the defendant, from which judgment plaintiff prosecutes this appeal, assigning 41 errors.

The plaintiff introduced timber deeds from various parties named in the complaint, conveying to him "all the merchantable long leaf pine and all other kinds of pine timber, cypress, cedar, poplar, gum, white oak, and all other kinds of oak timber, ash, hickory, and all other kinds of hardwood timber, and all other merchantable timber, and also all timber which may be merchantable at the time the timber is cut, as hereinafter provided, standing or growing upon those certain pieces or parcels of land," etc.

There was evidence tending to show that the staves sued for were made from the timber conveyed by these deeds, and that they were made and carried away by the defendant.

The defendant attempted to defend upon the grounds that the plaintiff had not paid for the timber conveyed by these deeds, and that he had not paid the taxes on the land, and that the defendant had sold the staves prior to the bringing of this action, and that defendant's possession was merely that of an agent of his vendee and not that of the owner.

[Gustin v. Wilson.]

The court erred in allowing the defendant to make proof of these facts. Such evidence was not admissible under the issues and the undisputed facts of this case. If the staves were not the property of the plaintiff, and he was not entitled to possession when this suit was brought, he could not recover; and hence the evidence, tending to show that plaintiff had no title or right of possession, was admissible; but it was not permissible for this defendant to show that plaintiff had not paid the full purchase price of the timber, nor that he had failed to pay the taxes thereon, as neither fact showed or tended to show that he did not have title or right of possession, and neither tended to show any right or title of the defendant to the timber or the staves. Its only effect or tendency was to prejudice or bias the jury against the plaintiff. It was likewise a defense to the action to show, if the defendant could, that he was not in the possession of the staves when the suit was brought; but this he could not do, under the undisputed evidence in this case.

It was undisputed that the defendant manufactured and removed these staves, and that they were under his control, either as owner or as the agent or custodian of his own vendee, when the staves were seized by the sheriff under the writ of detinue, and he replevied them and gave a bond therefor as required by law. He then made no claim that the staves were the property of his vendee, and no claim suit was instituted, as might have been done if he was acting as the agent of his vendee, as he now claims he was. He was, therefore, by his acts and his bond, estopped from saying that he was not in the possession of the staves when they were levied upon by the sheriff. If he was not in possession, he thereby asserted that he was, and must take the consequence of his own voluntary acts and of the obligation assumed

[Gustin v. Wilson.]

by the bond. Such was long ago decided by this court. The third headnote in the case of *Savage v. Russell & Co.*, 84 Ala. 103, 4 South. 235, correctly states the conclusion of the court in a case very similar to this. It is as follows: "Where defendant, in an action of detinue, has filed a forthcoming bond, and has claimed in a letter that the property was in his possession, and that he had notified plaintiffs before suit that, if they wanted the property, they would have to get it out of his possession by suit, he is estopped from setting up the defense that it was not in his possession at the institution of the suit."

The only plea in this case was the general issue, non detinet, that the defendant does not detain the goods; and when one claims this, as did the defendant in this case, and executes a forthcoming bond therefor, he thereby estops himself from denying that he was in possession of or claimed them; and it is wholly immaterial whether he claims as owner or as agent for a third person, so far as his possession is concerned. Of course he could in such case show title and right of possession in such third party, and defeat the plaintiff's right to recover; but he cannot screen himself by claiming that he was not in possession, but that the goods were in the possession of his vendee.

For these errors the judgment must be reversed and the cause remanded. It is wholly unnecessary to treat these errors seriatim. They are not so treated in the brief of appellant, but are grouped as we have treated them.

There are various objections and exceptions to different parts of the testimony, under each of the groups treated, and what we have said will be a sufficient guide on another trial.

[Henderson v. Planters & Merchants Bank.]

The many charges requested by appellant were properly refused; but we do not say that they would have been properly refused if the irrelevant evidence had been excluded, as it should have been.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.