# CASES

IN THE

# SUPREME COURT OF ALABAMA,

## DECEMBER TERM, 1886.

## Johnson *et al. v.* McLeod, Adm'r.

*Statutory Detinue for Staves and Saw-Logs.*

1. *Assessing separate value of articles sued for.*—In an action for the recovery of personal property *in speci°*, the articles sued for being described in the complaint as "one lot of staves and saw-logs," a verdict for the plaintiff should assess the value of the staves and logs separately (Code, § 2944); and if only their aggregate value is assessed, a judgment following the verdict is erroneous.

APPEAL from Clarke Circuit Court.

Tried before Hon. WM. E. CLARKE.

This action was brought by Amos N. McLeod, as administrator of the estate of Daniel McLeod, deceased, against William Johnson and Rab. Etheridge, to recover "one lot of staves and saw-logs," and was commenced on the 25th day of September, 1885.

The defendants filed pleas, denying the plaintiff's right to maintain the suit, claiming that the defendants held the land from which the staves and logs were taken, under a lease from Thos. S. King, as executor of the estate of Thomas Malone, deceased, and that the land belonged to said estate. The record states that the plaintiff amended his pleadings, but in what respect, is not shown. On the trial evidence was offered by the defendants to show that a part of the timber and staves in controversy were cut on the land of one L. J. Wilson, for which they had paid said Wilson, and that the staves made from timber on said Wilson's land had been hauled to the river and there mixed by the defendants with the staves got from the land claimed by the plaintiff to belong to the estate of Daniel McLeod, so that they could not be distinguished or separated.

The defendants asked the court to charge the jury in sub-

28

stance that if they found that the staves in controversy were taken partly from other lands than that claimed by the plaintiff, and in which the plaintiff had no interest, and the plaintiff had failed to point out which staves belonged to him and which to defendants, that then they should find for the defendants— which charge the court refused to give. The jury found a verdict for the plaintiff as follows: "We, the jury, find for the plaintiff, and assess the value of the property sued for at $189." The defendants moved the court to set aside the verdict, which motion was overruled. The defendants take this appeal and assign for error: 1. That the court erred in rendering judgment on the verdict, since the verdict did not assess the value of the articles separately. 2. That the court erred in refusing to give the charge asked by the defendants.

H. Austill and R. T. Ervin, for appellants.—1. The verdict of the jury should have assessed the value of the timber and staves separately.—2 Waite's Ac. & Def. 538; 4 Stew. & Port. 357; 7 Ala. 189; *Ib.* 807; 76 Ala. 310; 76 Ala. 310. 2. The plaintiff must have the legal title and right to immediate possession of the entire chattel sued for.—74 Ala. 432. The chattel must be such as can be distinguished from others by some certain means.—2 Waite's Ac. & Def. 331; Smith's Man. Com. Law, 502. The staves having been innocently mixed by the defendants they became tenants in common of the whole lot, and therefore the plaintiff could not have such legal title to any part of them as would enable him to maintain the action of detinue.—54 Am. Decisions (note) 597; 21 Pick. 298; Schouler on per. prop. 48; 54 Am. Dec. 594 (note). Charges asked by defendants should have been given as they asserted the proposition that the plaintiff, to maintain this action, must have the entire interest in the chattel sued for. 1 Stew. 536; 7 Ala. 9; 11 Ala. 609; 21 Ala. 549; 2 Waite's Ac. & Def. 536.

Ira D. Portis and S. J. Cumming, *contra.*—1. The general principle, that each article sued for in an action of detinue must be assessed separately by the jury, in their verdict for the plaintiff, is conceded. The statute, however, allows a discretion, and limits the operation of the general principle to cases where it is "*practicable.*"—Code 1876, § 2944. This court has recognized and enforced this statutory limitation.—*Haynes v. Crutchfield,* 7 Ala. 189; *Eslava v. Dillihunt,* 46 Ala. 998; *Wilson v. Barnes,* 49 Ala. 134. In 4 Stew. & Port. and 7 Ala. 198, cited by appellants, the decisions were rendered before the insertion of the words, "if practicable," in the statute.—Clay's Dig. p. 319. In *Jones v. Anderson,* 76 Ala. the articles or

[Johnson et al. v. McLeod, Adm'r.]

subject of suit were held to be of such a character, like "slaves, horses and mules," that it would have been practicable to assess their value separately, but staves and logs have not such distinctive individuality, and it was within the discretion of the jury to value the whole lot sued for. See also *Townsend v. Brooks*, 76 Ala. 308, where it was held that on the trial of the right of property it is not necessary to assess each bale of cotton separately. As to mixing staves of plaintiff with those of defendants, see *Lehman, Durr & Co. v. Kelly*, 68 Ala. 193; 54 Am. Dec. 591 (note).

STONE, C. J.—The present suit was an action "for the recovery of personal property in specie," a statutory substitute for the common law action of detinue.—Code of 1876, §§ 2942, *et seq.* On all questions material to the present investigation, the statutory action is not essentially different from its common law prototype. The property sued for is described in the complaint as "one lot of staves and saw-logs." It has the same description in the replevin bond, and in the verdict of the jury finding for the plaintiff. The verdict, which is copied in the judgment-entry, is in the following language: "We, the jury, find for the plaintiff, and assess the value of the property sued for at $189." The judgment follows the verdict.

The description, as we have seen, is *one lot* of staves and saw-logs. We must be presumed to know there is a wide difference between staves and saw-logs, and they constitute distinct classes. As distinct as, if not more widely different from each other, than cotton in bales, and cotton in the seed. Though called one lot, they were manifestly two lots, and their value should have been assessed separately.—*Townsend v. Brooks*, 76 Ala. 308; *Jones v. Anderson, Ib.* 428, and citations. "The judgment, following the verdict, is necessarily erroneous in the foregoing particular, and it must be reversed." We consider it unnecessary to notice the questions raised by the charges asked, as there is nothing in them.

Other questions are referred to in argument, but the record does not raise them.—*Cooper v. Watson*, 73 Ala. 252; *Mills v. Clayton*, 81 Ala.

Reversed and remanded.