# Dykes *v.* Clarke.

|  98  657|
|104  417|

### Action of Detinue.

1. *Detinue; when assessment of value not required.*—In an action of detinue, where the defendant surrenders the property sued for, to the plaintiff, without bond, who, at the trial, takes a judgment for the same, by default, it is not ground for reversal, on appeal, that the value of the property recovered was not assessed by the jury.

APPEAL from Dale Circuit Court.
Tried before the Hon. J. M. CARMICHAEL.

THOMAS & BAILEY, for appellant.

W. W. KIRKLAND, for appellee.

HARALSON, J.—This was a suit in detinue for personal property described in the complaint. The plaintiff. made

affidavit and gave bond in the manner required by statute for the precept of the clerk to the sheriff to take the possession of the property, unless bonded by the defendants. The sheriff executed the summons and complaint on defendants, and took possession of the property on the 18th of February, 1892. The defendants appear not to have given bond, for the sheriff makes return on the writ, four days after it was executed, that the "property [was] released by defendants to plaintiff without bond. February 22, 1892." At the ensuing term of the court, a judgment was rendered by default in favor of plaintiff against the defendants, for .the property sued for, without damages for its detention, and without assessment of the value of the separate articles.

The defendants prosecute this appeal, and assign as ground .of error, the rendition of said judgment by default, without referring the matter to a jury to ascertain the value of the property sued for.

The rule under section 2719 of the Code unquestionably is, that where there is a trial of a detinue suit, and the jury find for the plaintiff or defendant, they must assess the value of each article separately, if practicable, and it is error to render judgment without such an assessment of values. But, we have held, that if the defendant neglects or fails to give bond under the statute for the delivery of the property, if cast in the suit, and plaintiff gives bond under section 2718 of the Code, and receives the possession of the property sued for, and being in possession when the cause is tried, succeeds in the action, there can be no reason for assessing the value of the property, that it could accomplish no result whatever, and the defendant would be in no sense injured by the failure.—*Jones v. Pullen*, 66 Ala. 306.

Here the defendants failed to make the replevy bond, and the plaintiff acquired possession of the property from the sheriff by the release of the defendants, from which we are to understand it went into plaintiff's possession, without bond, by the direction of the defendants.

There was, then, no need for a jury, nor for an assessment of the values of the property, and defendants were in no way injured in the judgment by default, which was rendered against them.

Affirmed.