# Carmichael *v.* United States F. & G. Co., *et al.*

## *Damages for Breach of Duty by Sheriff.*

(Decided June 30, 1909. Rehearing denied Dec. 16, 1909. 50 South. 1003.)

1. *Sheriffs and Constables; Liability on Official Bond.*—Where a sheriff seizes property under a writ of detinue, and delivers the property to the plaintiff in detinue before the expiration of five days, within which defendant has a right to execute a replevy bond under section 3780, Code 1907, he violates his duty and is guilty of a breach of his bond.

2. *Same; Custody of Property.*—When goods are seized by a sheriff under a detinue writ it is immaterial where they are kept so long as they are kept safely by the officer ready for delivery as the law may direct.

3. *Same; Action on Bond; Jury Question.*—The evidence in this case stated and examined and held sufficient to require a submission to the jury for decision as to whether the sheriff took a forthcoming bond from the plaintiff in detinue.

4. *Evidence; Admissions by Attorney; Termination of Authority.*—Where the action was for breach of the sheriff's bond for failure to perform his duty relative to property in a detinue suit, statements of counsel for plaintiff made after termination of the suit that the plaintiff never gave the sheriff a forthcoming bond for the property, is not admissible.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by M. E. Carmichael against the United States Fidelity & Guaranty Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The first count sets out the bond, the oath of office, and the dueling oath, and alleges the breach of said bond as follows: "That on the 13th day of September, 1904, Eliasberg & Bro. filed in the office of the clerk of the circuit court of said county of Houston a summons and complaint in detinue against this plaintiff, in which said complaint the property described, claimed, and sued for is set out in Exhibit A, attached to this complaint and made a part hereof; that an affidavit and bond was filed in said court along with said complaint, and the said summons and complaint was indorsed by the clerk of said court requiring the sheriff of said county to seize and take into his possession the property sued for in said complaint; that said complaint in detinue was delivered to Charles E. Walker, as sheriff of said county, and was by him executed on the 13th day of September, 1904, by levying on and taking into his possession that portion of the property in said complaint described which is set out in said Exhibit A of this complaint; that the property levied upon was at the time of said levy in the possession of and the property of plaintiff; that this plaintiff, who was defendant in the detinue suit, did not give a replevy bond and retain possession of said property, but that said Charles E. Walker, as said sheriff, delivered said property over to said Eliasberg & Bro., who were plaintiffs in said detinue suit, without requiring said Eliasberg & Bro. to give a replevy bond as is by law required, at the time and in the manner provided and required by law; and that at the expiration of 10 days from the date of said levy and

21—163.

seizure of said property said Charles E. Walker failed to return said property as it was his duty, to do. And plaintiff avers that said property has been wholly lost to her, although at a term of the court subsequent to said levy said detinue suit of Eliasberg & Bro. against this plaintiff was dismissed out of said court, but that, notwithstanding this fact, plaintiff has been deprived of her property; that in making said levy and taking said property into his possession and handling them, and in delivering them to said Eliasberg & Bro., and in failing to return them to this plaintiff after the expiration of 10 days from said levy, said Charles E. Walker was acting under color and by virtue of his said office as sheriff of the county of Houston, and that by reason of the damages sustained as aforesaid, plaintiff sues."

Count 2: "Plaintiff claims of defendant the further sum of $500 damages for the breach by defendant of the conditions of the bond set out in count 1 of this suit, which said bond is referred to and made a part of this count. And plaintiff avers that the conditions of said bond have been breached and broken by the defendant in this: That on the 13th day of September, 1904, Eliasberg & Bro. filed in the circuit court of said county summons and complaint in detinue, with bond and affidavit as provided by law, against this plaintiff as defendant, which said complaint in detinue was indorsed by the clerk of said court requiring the sheriff of said county to seize the property described in said complaint, under which said complaint the said Charles E. Walker, as sheriff, and in the pursuance of the authority in said indorsement contained, seized and took into his possession the following property sued for in said complaint, to wit: All that property which is set out in Exhibit A attached to count 1, which said exhibit is referred to and made a part of this count, on said 13th day of Sep-

tember, 1904; said property being at the time of said levy and seizure in the possession of and the property of the plaintiff. And plaintiff avers that said C. E. Walker, as sheriff, delivered said property over to said Eliasberg & Bro., the plaintiffs in said detinue suit, before the expiration of five days from the date of said levy, and that at a term of said court subsequent to said levy and seizure said Eliasberg & Bro. were cast in said detinue suit, but that notwithstanding said Eliasberg & Bro. were cast in said suit and failed to prosecute the same to effect, by reason of the delivery of said property of plaintiff to said Eliasberg & Bro., this plaintiff has lost said property; that at the time of the levy of said process and seizure of said property, and taking the same into his possession, and delivering the same to said Eliasberg & Bro., as aforesaid, and making such disposition thereof, said C. E. Walker was acting under color of and by virtue of his said office as sheriff of said county of Houston; and that by reason of and on account of the aforesaid acts of the said C. E. Walker, as said sheriff, plaintiff has been and is deprived of the property aforesaid, which has been entirely lost to her. Wherefore she sues. Said C. E. Walker being dead, he is not sued in this action."

The demurrers interposed were as follows: · "It is not alleged in either count that the property alleged to have been seized by the sheriff was the property of the plaintiff. It is not averred in either count that plaintiff was damaged in any manner by the seizing and taking by the sheriff of said property, or by delivering to the plaintiffs in the suit the property so seized by him in the suit. It does not appear that the plaintiff had any interest in the property that was seized in the detinue suit. No facts are averred showing that the plaintiff in this suit was ever entitled to possession of the prop-

[Carmichael v. United States F. & G. Co., et al.]

erty as described in the complaint. It is not shown that there was any judgment rendered in said action of detinue, which authorized the delivery of the property described in said complaint to the plaintiff in this suit. Each count fails to show that the plaintiff tendered to the sheriff a bond of sufficient surety in double the value of the property, payable to the plaintiff in the detinue suit, with condition that if the defendant was cast in the detinue suit he would deliver the property, etc., it is not shown that the plaintiff in this suit, the defendant in the detinue suit, executed a replevy bond or tendered to the sheriff a replevy bond within five days after the seizure by the sheriff of the property sued for. It is not averred that Eliasberg & Bro. did not give a proper forthcoming bond to the said sheriff as provided by section 3780 of the Code."

The amendment to the second count consists in this: After the words "in possession of and" is inserted the words "bona fide claim by," and by erasing in said complaint all the words after the words "date of said levy" to the words "that at the time of the levy," thereby erasing five whole lines and part of two lines. The same demurrers were refiled and sustained.

B. F. REID, for appellant.—A complaint and each count thereof is sufficient.—Sec. 3780, Code 1907, *Elrod v. Hamner,* 120 Ala. 463; *Gay v. Burgess,* 59 Ala. 575.

COLEMAN, DENT & WEIL, for appellee.—The court properly sustained the demurrers to the complaint.— Secs. 3778 and 3780, Code 1907; *Gay v. Burgess,* 59 Ala. 575; *Thorne v. Kemp,* 98 Ala. 417; *Burgen v. Raplee,* 100 Ala. 433; *Couch v. Davidson,* 109 Ala. 313; *Elrod v. Hamner,* 120 Ala. 463.

[Carmichael v. United States F. & G. Co., et al.]

DOWDELL, C. J.—The second count of the complaint, both as originally filed and as amended, to which demurrer was sustained, counted on a breach of duty by the sheriff in delivering the property seized under the writ of detinue to the plaintiff in the detinue suit before the expiration of the five days from the seizure, within which time the defendant had the right under the statute to execute a replevy bond, and whereby it is averred the property was wholly lost to the plaintiff in the present suit. There can be no doubt that a delivery of the property to the plaintiff before the expiration of five days from the seizure was in palpable violation of the statute, and consequently a breach of duty by the sheriff. The court erred in sustaining the demurrer to the count.

The case was tried on the plea of the general issue to the first count. Under this issue it was immaterial that the box containing the goods which had been seized under the writ, and that had been placed in the storehouse of one Wilks, was removed from said place within five or six days after the seizure. It was wholly immaterial where the goods were kept, so they were safely kept by the officer and ready to be delivered as the law might require. There was no reversible error committed in rejecting this evidence of the witness D. G. Carmichael.

The evidence as to a statement made by R. D. Crawford, an attorney for the plaintiff in the detinue suit, and after the termination of that suit, that he as attorney prepared the papers in that case, and that the plaintiff never gave a forthcoming or replevy bond, was purely hearsay and inadmissible, and the court properly sustained the objection to this evidence.

The breach of the official bond sued on, alleged in the first count of the complaint, was the failure of the sheriff to require and take a forthcoming bond of the plaintiff in the detinue suit as the statute prescribes. The

plaintiff here introduced evidence showing that no such bond was ever returned by the sheriff with the other papers in the case, as it was his duty to do, if he had ever taken such bond. The evidence further showed that the sheriff making the levy died about six months thereafter; and there was also evidence tending to show that no such bond could be found in the office of the sheriff among his papers. Under this evidence it becomes a question for the jury to determine whether or not a forthcoming bond was taken by the sheriff from the plaintiff. It was, we think, a fact in inference to be determined by the jury, and the trial court erred in giving the general charge for the defendant.

For the errors indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.