(96 South. 231)

## SMITH & FAY v. MONTGOMERY WARD & CO. (3 'Div. 609.)

(Supreme Court of Alabama. April 26, 1923.)

1. Sales ⬯469—Contract for purchase of piano held conditional sale, contract under which title did not pass until payment in full.

An agreement by one to whom a piano was shipped for 30 days' trial that, if he decided to buy it, he would send the shipper the amount of the freight charges paid by it together with a first payment, and would pay monthly installments thereafter until the instrument was paid for, "then it becomes my property," *held* a conditional sale contract under which title to the piano remained in the seller until the purchase price was fully paid.

2. Corporations ⬯642(1)—Contract of sale of a piano by a foreign corporation in Illinois to a buyer in Alabama held made in Illinois so that it did not violate the law as to transacting business in Alabama.

Where an order for a piano addressed to the seller in Chicago, Ill., was signed by the buyer in Alabama, and was accepted by the seller in Chicago, and the piano was delivered to a carrier in Illinois for transportation to the buyer, the freight to be paid by him if he elected to buy it after "30 days' trial," and he so elected, the delivery to the carrier in Illinois was in view of and under the stipulations of the order, and not in qualification or refutation of its terms, so that the contract was made in Illinois, so that the seller, a foreign corporation, did not violate Code 1907, § 3642 et seq., declaring unlawful the engaging in or transaction of business in Alabama without complying with the Alabama statutes as to foreign corporations doing business in the state.

3. Corporations ⬯661(2)—Foreign corporation shipping piano to conditional purchaser under contract made in Illinois held entitled to intervene as claimant in attachment against vendee without complying with law as to doing business in state.

A foreign corporation delivering a piano to a carrier for shipment to a conditional purchaser in Alabama as stipulated in an order received and accepted at its home office in Chicago, Ill., where the contract was made, could intervene as claimant in the courts of

Alabama to protect its title through attachment proceedings against vendee before payment of the purchase price, notwithstanding noncompliance with Code 1907, § 3642 et seq., governing the conduct of business in Alabama by foreign corporations.

Appeal from Circuit Court, Autauga County; B. K. McMorris, Judge.

Suit on account by Smith & Fay against R. L. Cox, with attachment in aid of suit. Intervention by Montgomery Ward & Co. From a judgment for the claimant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

W. P. McGaugh, of Montgomery, for appellant.

The contract between claimant and defendant was an Alabama contract, and claimant, not having complied with the laws of this state, cannot enforce said contract. Code 1907, §§ 3642–3645; Const. 1901, § 232; Muller Mfg. Co. v. First Nat. Bank, 176 Ala. 229, 57 South. 762. The language employed in the contract or order is not susceptible of the construction that the seller reserved title to the property. 2 Hughes on Prac. 609; 2 Parsons on Cont. 494; Russell v. Garrett, 208 Ala. 92, 93 South. 711; 13 C. J. 525; 21 A. & E. Ency. of Law, 517; McManus v. Walters, 62 Kan. 128, 61 Pac. 686. In an option to return, the property passes at once. Hunt v. Wyman, 100 Mass. 198; Allen, Bethune & Co. v. Maury & Co., 66 Ala. 10; Foley v. Felrath, 98 Ala. 176, 13 South. 485, 39 Am. St. Rep. 39; Robinson v. Fairbanks, 81 Ala. 132, 1 South. 552; 11 Michie's Ala. Dig. 766.

Gipson & Booth, of Prattville, for appellee.

The contract of sale was consummated in the state of Illinois, and was not the doing of business in Alabama. 35 Cyc. 662; Brandon Printing Co. v. Bostick, 126 Ala. 252, 28 South. 705. The contract provided that the title to the property should remain in appellee until final payment was made. Thornton v. Cook, 97 Ala. 630, 12 South. 403.

McCLELLAN, J. The main action was commenced by a complaint filed December 17, 1919, and in aid of the suit, defendant having left this state, writ of attachment was issued at the suit of Smith & Fay, plaintiffs, against R. L. Cox, which was levied upon a player piano. Montgomery Ward & Co., a nonresident corporation, intervened as claimant of the player piano. The court, trying the case without jury, rendered judgment in claimant's favor. The plaintiffs made a motion for new trial. The court overruled this motion; and from the action of the court in overruling the motion for new trial the appeal is prosecuted.

The claimant is a "mail order house." The defendant Cox signed at Prattville, Ala., and forwarded to the home office of Montgomery Ward & Co. in Chicago, Ill., the order (a printed form employed in the claimant's business), the material parts of which read:

"Date Jan. 11, 1919.

"Montgomery Ward & Co., Chicago—Gentlemen:

Piano Number 267D6054

"You may ship me Player Piano

Finished in { Mahogany. Walnut Oak }   Price $465.00, for 30 days' trial.

"If at the end of thirty days I decide to buy the instrument, I will send you the amount of the freight charges you will have paid to ship it to me, together with a first payment of $10.00, and I will pay you $8.00 on piano each $12.00 on player piano month, without interest, until the instrument is paid for in full; then it becomes my property.

"If at the end of 30 days' trial I decide that the instrument is not satisfactory, I will notify you to send me shipping papers for its return at your expense for freight charges."

It is agreed that of the purchase price ($465) Cox paid about $97. It was further agreed that upon the receipt of the order by the claimant in Chicago, Ill., the claimant shipped the instrument to Cox at Prattville, Ala., as stipulated in the order. It appears without dispute that Cox exercised his unfettered option to buy the instrument within the 30-day period stipulated in the order.

[1] It is clear, we think, that the phrase in the order signed by Cox, viz. "then it becomes my property," was intended to leave the title to the instrument in Montgomery Ward & Co. until the purchase price was fully paid by Cox according to the stipulation of the order. The word "then" refers, unmistakably, to the condition of full payment. No other possible effect can be accorded the quoted phrase in the relation it is employed. To attribute to that phrase any other effect would require wholly unwarranted change in the language manifesting the intent of the parties. The character of the contract thus made by the parties was that of conditional sale; the title to the chattel remaining in the seller until the purchase price was fully paid.

[2] This was an Illinois contract. The order, signed by Cox in Alabama, was addressed to the company in Chicago, Ill. It was accepted in Chicago, Ill. The subject of the conditional sale was delivered to the carrier in Illinois, for transportation to Cox, the freight charges to be paid by Cox if he elected to buy the instrument after "30 days' trial." He so elected; and he thereupon became obligated to reimburse the company the freight charges paid by the company. The delivery of the instrument to the carrier at Chicago was not intended and did not operate to qualify or to contradict the terms of the agreement, the accepted order, wherein the title was retained by the

company. Any more than such delivery to the carrier operated to impose other terms or contractual effects upon Cox than the order stipulated. Such delivery was in view of and under the stipulations of the order, not in qualification or refutation of those terms. It results that the contract between Cox and Montgomery Ward & Co. was not made in Alabama; was not an Alabama, but an Illinois, contract. This contract not having been made in Alabama, Montgomery Ward & Co., a foreign corporation, did not offend Alabama's statutes (Code, § 3642 et seq.) declaring unlawful the engaging in or transacting of business in Alabama without complying with Alabama's statutes governing the conduct of business in this state by foreign corporations.

[3] There is no suggestion that the contract was invalid where made. There is, of course, nothing in Alabama's statutes relating to foreign corporations undertaking to render void contracts made in other jurisdictions. The title to this chattel having been validly retained until the purchase price and freight charges were fully paid, the claimant, a foreign corporation, could not be denied the right to intervene as claimant in the courts of Alabama to protect its title to the chattel in an action by a creditor against the claimant's vendee.

The motion for new trial was properly overruled.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.