(99 South. 786)

THOMAS v. MONTGOMERY WARD & CO.
(7 Div. 473.)

(Supreme Court of Alabama. April 10, 1924.)

Sales ⊝469 — Contract for purchase held conditional sale contract; title passing when piano fully paid for.

Agreement that, if after 30 days' trial defendant decided to keep piano, she would send shipper freight charges paid by it, together with first payment, and would pay installments thereafter until it was paid for, when shipper was "to give me a receipt, showing it to be my property," there being no apt words showing present passing of title, held conditional sale contract, under which title remained in shipper until purchase price was fully paid.

Appeal from Circuit Court, Talladega County; S. W. Tate, Judge.

Action in detinue by Montgomery Ward & Co. against Tennie Thomas. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

On a trial of the case, without a jury, it was agreed by opposing attorneys that at the time of the commencement of the action defendant was in possession of the property; that its value was $100; that defendant executed the instrument set out in the opinion, and delivered same to plaintiff; that the purchase money mentioned had been paid, except $52.75, which was still owing; that $8 was a reasonable rental for the property from the time of demand to the date of trial; that demand had been made by plaintiff and refused by defendant.

The trial court rendered judgment finding that the sale was a conditional sale; that plaintiff recover the property in question, or its alternate value of $100, and $8 for its detention. It was further found and adjudged that defendant was due a balance of $52.75, which, if paid, then the property to remain with defendant.

This judgment is assigned as error.

Harrison & Stringer, of Talladega, for appellant.

Counsel argue that the instrument relied upon is insufficient to show a retention of title, but cite no authorities.

Frank L. Vance, of Talladega, for appellee.

The instrument in question is a conditional sale contract, under which title remained in the seller until the purchase price was fully paid. Smith & Fay v. Montgomery Ward & Co., 209 Ala. 317, 96 South. 231; Ashley v. Cathcart, 159 Ala. 474, 49 South. 75; 13 C. J. 525, 558.

BOULDIN, J. The question here presented is: Does the following order, properly signed and accepted, constitute a contract of conditional sale?

"Feb. 18, 1918.

"Montgomery Ward & Co., Chicago, Ill.: You may ship me for thirty days' trial, piano No. 267P102 finished in —— wood, price $376.75. If at the end of thirty days' trial I decide to keep the instrument, I will send $10.-00 as first payment together with the freight charges you paid for me and pay you $8.00 on the —— day of each month following, until the piano is paid for, when you are to give me a receipt showing it to be my property. If, at the end of thirty days' trial, I should decide the instrument is not satisfactory you are to give me freight receipts so that I can return it to you at your expense. I am to pay no interest.

———

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"I have always been faithful in paying my obligations and am making this statement for the purpose of inducing you to grant me these terms and to assure you that you may feel safe in trusting me to pay as agreed."

This contract has no apt words showing a present passing of title. The property goes into the possession of the purchaser in the first instance as a bailee for 30 days' trial. At the end of that time the bailee is to elect whether to "keep" it or "return" it. If the election is to keep it, the right so to do is based upon the promise to make the initial payment and pay monthly installments until paid for. This promise is so framed as to make the continuous payments of equal concern as the initial payment. If the first must be paid before title passes, then it would appear all must be. It could hardly be assumed that, if the purchaser should merely "decide to keep" the piano, the title would pass without complying with the terms upon which such right is given. Acceptance of the order is an acceptance of it as a whole. The seller ships the piano to be kept, if the purchaser expresses her election in the manner contracted—makes payments as specified. Thus read, the contract is of the class commonly known as executory installment contracts of conditional sale. 1 Mechem on Sales, § 561.

This construction, not entirely obvious under the first part of the contract, is aided by the provision that when the piano is paid for "you are to give me a receipt showing it to be my property."

It is suggested this latter provision does not purport to pass the title after it is paid for, but merely to furnish evidence of that fact. Looking at the receipt clause alone, that view is correct, but taken as a whole the natural view is that the purchaser was to have evidence of the title when she received title. If the title passed upon her election to keep it and make the initial payment, why wait more than 3 years for evidence of title? This clause indicates that the contract itself was not considered evidence of title, nor her possession of the piano thereunder, but when paid for she should have evidence that it was her property.

With nothing to show a contrary purpose, it must be taken that the parties intended the passing of title, and the receipt given to that effect should be at the same time—when the piano was fully paid for.

The case seems to us to be governed by the same principle as Smith & Fay v. Montgomery Ward & Co., 209 Ala. 317, 96 South. 231.

The decision of the court below is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.