(108 So. 13)

## FINNEY v. DRYDEN. (8 Div. 847.)

(Supreme Court of Alabama. April 1, 1926.)

**1. Chattel mortgages ☞162.**

Trustee under deed of trust has title and right to possession of personalty conveyed when debt is due and unpaid.

**2. Chattel mortgages ☞138(1) — Defendant, contracting to develop and train race horse, has no lien on sulky and harness as against trustee under prior deed of trust to such property (Code 1907, § 4808 [Code 1923, § 8892]).**

Code 1907, § 4808 (Code 1923, § 8892), does not give defendant, contracting to train and develop a race horse, a lien on sulky and harness as against trustee to prior deed of trust to such property, whose debt is due and unpaid.

**3. Chattel mortgages ☞138(1) — Defendant, contracting to train and develop race horse subsequent to mortgage of horse, has lien on horse, with right of retention for charges (Code 1907, § 4808 [Code 1923, § 8892]).**

Defendant, contracting to train and develop race horse subsequent to mortgage of horse, has lien under Code 1907, § 4808 (Code 1923, § 8892), for payment of his charges, together with right to retain horse for payment thereof.

**4. Chattel mortgages ☞153, 196.**

Code 1907, § 3386 (Code 1923, § 6890), declares general rule that conveyances of personalty to secure debts or to provide indemnity are inoperative against creditors and purchasers without notice until recorded.

**5. Chattel mortgages ☞89—Provision that conveyance for security ceases to have effect against creditor of grantor without notice, if not recorded within three months after removal·to county other than grantor's residence applies only to grantor residing in state and removing property to different county in state (Code 1907, § 3386 [Code 1923, § 6890]).**

Code 1907, § 3386 (Code 1923, § 6890), providing that conveyance of personalty to secure debt shall cease to have effect against creditor of grantor without notice, if not recorded within three months after property is removed to different county than grantor's residence, applies where grantor residing in state removes property to a different county in state, and does not apply to conveyance by resident of another state removing property to this state, but continuing to reside in his own state.

**6. Chattel mortgages ☞89 — Mortgage on horse, removed to another state, not recorded therein within three·months,·is inoperative against lien of defendant training and developing horse without notice of mortgage (Code 1907, §§ 3386, 4808 [Code 1923, §§ 6890, 8892]).**

Mortgage executed in Tennessee, on a horse removed by mortgagor to Alabama, which was not recorded in Alabama. within three months after removal, as required by Code 1907, § 3386 (Code 1923, § 6890), is inoperative against lien granted by Code 1907, § 4808 (Code 1923, § 8892), to defendant training and developing a horse without notice of mortgage.

**7. Appeal and error ☞1170(10)—Failure to assess value of each article separately in detinue, where successful party has possession of property, is error without injury (Code 1923, § 7392).**

In detinue, value of each article must be assessed separately, if practicable, and damages assessed for detention, but failure to do so, where successful party has possession of property, is error without injury, in view of Code 1923, § 7392.

Appeal from·Circuit Court, Madison County; O. Kyle, Judge.

Action by H. E. Dryden, as trustee, against D. C. Finney. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed in part, and in part reversed and remanded.

Douglass Taylor, of Huntsville, for appellant.

The trainer of a horse has a lien on the horse, and is authorized to retain possession thereof until the payment of his charges, and such lien is superior to a prior .unrecorded mortgage of which the trainer has no notice. Code 1923, §§ 6890, 8892; Pulaski Mule Co. v. Haley, 65 So. 783, 187 Ala. 533, Ann. Cas. 1916A, 877; Lynn v. Broyles Fur. Co., 57 So. 122, 3 Ala: App. 634. Where one party shows he is a bona fide purchaser for value, the burden is upon the other party to show the former had notice. Nolen v. Farrow, 45 So. 183, 154 Ala. 269.

R. E. Smith, of Huntsville, for appellee.

All creditors and purchasers of the property described in appellee's deed of trust were on constructive notice of this incumbrance for the period of three months next after the property was brought into Alabama. Code 1923, § 6890; Pulaski Mule Co. v. Haley, 65 So. 783, 187 Ala. 533, Ann. Cas. 1916A, 877. The appellee never acquired a lien on the sulky and driving harness. Code 1923, § 8892.

MILLER, J. This is a suit by H. E. Dryden, as trustee for the Elk National Bank, and J. W. .Holman, guardian of Mamie, George, and Edward Lane, against D. C. Finney to recover possession of one racing sulky, three sets of harness, and one bay horse named Henry Direct, with the value of the hire or use thereof during the detention.

There are two counts in the complaint. Count 1 is an action in detinue, and two is in trover for conversion of the property. The defendant pleaded non detinet to the first count, and general issue by consent, etc., to the second count. The cause was tried by the court without a jury, and it found the issue in favor of the plaintiff under the first count as to all the property, assessed the value of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it separately, and also assessed the damages for the detention of it.

This appeal is prosecuted by the defendant from that judgment, and it is the error assigned and argued and insisted on in brief of appellant.

The plaintiffs claim title to the property under a mortgage executed March 18, 1922, by W. E. Lane. The defendant claims a lien on it under the statute (section 4808, Code of 1907, now section 8892, Code of 1923), by virtue of a contract made with W. E. Lane and Jim Thomas on November 30, 1922, for keeping, feeding, and training or developing this horse, and without notice of the mortgage of plaintiff.

On March 18, 1922, W. E. Lane was in possession of this property in Fayetteville, Lincoln county, Tenn., and on that day he conveyed it to Dryden, trustee, to secure debts evidenced thereby. This conveyance was executed by him in Tennessee, and it was duly registered in Lincoln county, Tenn., on March 21, 1922, and in Franklin county, Tenn., on April 6, 1922. The debts secured by it are due and unpaid. The grantor or mortgagor, W. E. Lane, had this property in Tennessee when the conveyance was executed. All of the evidence indicates, but there is no direct, positive proof, that W. E. Lane resided in the state of Tennessee at Fayetteville, in Lincoln county. This conveyance was never recorded in any county in the state of Alabama.

This property was removed from the state of Tennessee to a fair at Athens, Ala., in 1922, and after this fair it was immediately removed to Huntsville, Ala. (Madison county), for the Huntsville fair, reaching there on November 30, 1922, "when a man by the name of Thomas and the said W. E. Lane entered into a contract with appellant to feed, train, and develop the horse." It was a race horse. The defendant kept, fed, trained, and developed this horse at Huntsville, Ala., from November 30, 1922, until this suit was commenced in May, 1923, and the evidence tended to show that W. E. Lane and Jim Thomas owed him therefor the sum of $200.50. There was evidence that the horse at that time, November 30, 1922, was owned jointly by Jim Thomas and W. E. Lane.

[1, 2] The racing sulky and the three sets of driving harness belonged to W. E. Lane. He conveyed them by the deed of trust to H. E. Dryden, trustee, etc. The debt secured by the deed of trust is due and unpaid. The plaintiffs had title to and right to possession of them. The defendant has no lien on the sulky or the three sets of harness by his contract and the statute (section 4808, Code of 1907), and he does not claim to have purchased it, so the judgment of the court as to this property was correctly rendered in favor of the plaintiffs. 5 Michie Dig. p. 63, § 4, subject, "Detinue."

[3] The defendant contracted on November 30, 1922, with Jim Thomas and W. E. Lane in Huntsville, Ala., to keep, feed, train and develop this race horse, Henry Direct, and he has a lien on him under the statute for the payment of his charges under the contract for keeping, feeding, training, or developing him. And under the statute he has the right to retain the horse for the payment of such charges. His contract was made after the execution of the mortgage to plaintiff, and he is a subsequent creditor with a lien for his debt. Birmingham News Co. v. Collier, 103 So. 839, 212 Ala. 655; section 4808, Code of 1907, now section 8892, Code 1923.

[4] Is this lien of the defendant on this horse superior to the title of plaintiffs to it by virtue of their trust conveyance for their debt? The evidence tends to show "the defendant first learned of this mortgage of plaintiffs on the horse in the latter part of April, 1923." So the construction of section 3386, Code of 1907, which is the same as section 6890, Code of 1923, will aid in securing a proper answer to that question. Are the plaintiffs protected in their rights under the mortgage by this statute? This section 3386 of the Code of 1907, now section 6890 of the Code of 1923, provides:

"Conveyances of personal property to secure debts, or to provide indemnity, are inoperative against creditors and purchasers without notice, until recorded, unless the property is brought into this state subject to such incumbrances, in which case three months are allowed for the registration of the conveyance; and if such property is removed to a different county from that in which the grantor resides, the conveyance must be recorded in such county within three months from the removal, or it ceases to have effect after such three months against creditors or purchasers of the grantor without notice."

This statute declares this general rule: Conveyances of personal property to secure debts or to provide indemnity are inoperative against creditors and purchasers without notice until recorded.

The mortgage was never recorded in Alabama, so it never became operative in this state by recordation. It did not become operative by notice to the defendant. The defendant is a contract creditor of the mortgagor, with statutory lien, made on November 30, 1922, which was after the execution of the mortgage, and he had no notice, actual or constructive, of this mortgage of plaintiff until the last of April, 1923, nearly five months after the property was removed to Alabama, and nearly five months after his contract was made, so this general rule under the statute gives plaintiffs no superior right over defendant's lien, and, if the statute stopped there, plaintiffs could not recover; but the statute makes exceptions to this general rule, and plaintiffs cannot be benefited by the statute unless they come within the

exceptions. The first exception to the foregoing general rule is:

"(1) Unless the property is brought into this state subject to such incumbrance in which case three months are allowed for the registration of the conveyance."

This horse was brought into this state in November, 1922, from the state of Tennessee, subject to this incumbrance, the mortgage of the plaintiffs; but plaintiffs did not within three months thereafter file their mortgage for registration in this state as the statute allowed, and therefore they did not bring themselves within this exception.

The second exception to the general rule of the statute is:

"And if such property is removed to a different county from that in which the grantor resides, the conveyance must be recorded in such county within three months from the removal, or it ceases to have effect after such three months against creditors or purchasers of the grantor without notice."

[5] The plaintiffs do not come within this exception, because it appears from the evidence that the grantor or mortgagor, Lane, resided or continued to reside in the state of Tennessee. There is no evidence that either Jim Thomas or Lane, the owners of the horse, ever resided in any county in the state of Alabama. The words, "or it ceases to have effect after such three months against creditors or purchasers of the grantor without notice," applies to the last exception and not the first. They apply to the recordation of conveyances to secure debts where the grantor resides in a county in this state and the property is removed to a different county in Alabama from that in which the grantor resides. They do not apply to conveyances to secure debts given by a resident of Tennessee on property in Tennessee when the property is removed by the owner to Alabama, and the owner and grantor continue to reside in Tennessee. This question presented in this case was not presented and decided in any case cited by the parties. It was not presented or decided in Pulaski Mule Co. v. Haley, 65 So. 783, 187 Ala. 533, Ann. Cas. 1916A, 877, nor in Lynn v. Broyles Furniture Co., 57 So. 122, 3 Ala. App. 634, approved in Pulaski Mule Co. v. Haley, supra; but these opinions by analogy shed light on the construction of this statute. This was evidently and clearly the construction intended by the Legislature to be placed on this statute.

The foregoing general rule remains the same in this statute as it appears in the different Codes. The first exception is the same in this statute in the different Codes, except in the Code of 1886, and the Codes prior thereto, four months instead of three months are allowed for registration of the conveyance. The second exception is the same in this statute in the different Codes, except in the Code of 1886, and Codes prior

thereto, six months instead of three months are allowed for recording it after the removal, and it then states, "Or it ceases to have effect after such six months against creditors or purchasers of the grantor without notice." It did not say, "Or it ceases to have effect after such four months and after such six months," making it applicable to both exceptions, but it states, "Or it ceases to have effect after such six months," showing a clear intent for it to apply only to the second exception mentioned. See section 1814, Code 1886; section 2170, Code 1876; section 1561, Code 1867; and section 1291, Code 1852.

This court construed section 1814, Code of 1886, and it appears placed the foregoing interpretation on it, in Malone & Collins v. Bedsole, 9 So. 520, 93 Ala. 43, where it stated:

"The priority of right depends upon the construction of sections 1806 and 1814 of the Code. The first provides: 'Conveyances of personal property to secure debts, or to provide indemnity, must be recorded in the county in which the grantor resides, and also in the county where the property is at the date of the conveyance; and if, before the lien is satisfied, the property is removed to another county, the conveyance must be again recorded within six months from such removal, in the county to which it is removed.' The second section, after providing that such conveyances of personal property are inoperative against creditors and purchasers. without notice, declares: 'And if such property is removed to a different county from that in which the grantor resides, the conveyance must be recorded in such county within six months from the removal, or it ceases to have effect after such six months against creditors and purchasers of the grantor without notice.'

"A conveyance of personal property to secure debts being, under the statute, inoperative against creditors and purchasers without notice until recorded, as to them its existence begins with its registration. Hence a purchaser without notice before it is recorded acquires a title superior to that of the mortgagee. Hardaway v. Semmes, 38 Ala. 657. When the property is removed to another county after the first registration, the language is changed. Proceeding on the principle that the mortgage is operative when recorded in the county where the mortgagor resides, the statute declares, in case of its removal to another county, that, unless it is recorded in such county within six months after removal, 'it ceases to have effect after such six months against creditors or purchasers of the grantor without notice.' The mortgage, under which defendants derive title, had effective existence as to creditors and purchasers from its registration in Geneva County, which continued until removal to another county, and a failure to record it in such county within six months thereafter."

See, also, Davis & Co. v. Thomas, 45 So. 897, 154 Ala. 279.

[6] So, under this evidence and the foregoing authorities, we must and do hold that the mortgage of the plaintiffs on the horse is

inoperative against the statutory lien of the defendant on the horse for the debt due him under the contract with Lane and Thomas. The trial court erred in rendering judgment in·favor of the plaintiffs for the horse; it should have been in favor of the defendant. The defendant has the right to retain the horse under the statute for the payment of the charges due him under his contract. Section 8892, Code of 1923; section 4808, Code of 1907.

[7] Upon the trial, the jury or the court trying the issue must assess the value of each article separately, if practical, and also assess damages for its detention; but if the successful party has possession of the property no necessity exists for assessing the value of each article separately, and a failure under such circumstances to assess the value thereof would be error without injury. Section 7392, Code 1923; Dykes v. Clarke, 13 So. 690, 98 Ala. 657; and Gwin v. Emerald Co., 78 So. 758, 201 Ala. 384, 385.

The judgment is affirmed in part, and reversed in part, and remanded so that a judgment may be rendered by the trial court in accordance with this opinion, and the cost of the appeal is taxed against the appellee.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.