## BOSWELL v. LEWIS.
4 Div. 719.

Supreme Court of Alabama.
June 22, 1933.

Rehearing Denied Sept. 28, 1933.
Further Rehearing Denied Nov. 9, 1933.

E. C. Boswell, of Geneva, for appellant.

Carmichael & Tiller, of Geneva, and Simmons & Simmons, of Opp, for appellee.

THOMAS, Justice.

The suit was in detinue, and judgment was for the plaintiff.

The possession was taken by plaintiff, and was replevied by the defendant losing the suit.

It is insisted that the judgment was insufficient on appeal, in that the verdict did not contain the statement of alternate value of the property sued for. The statute and decisions are: Code, § 7392; Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758; Finney v. Dryden, 214 Ala. 370, 108 So. 13; Townsend v. Brooks, 76 Ala. 308; Jones v. Anderson, 76 Ala. 427; Johnson v. McLeod, Adm'r, 80 Ala. 433, 2 So. 145.

In Gwin v. Emerald Co., supra, it is observed:

"Judge Stone supports this codification of the earlier decisions on the point by Judge Mayfield. He said:

"'The plaintiff made the necessary oath, and the sheriff took possession of the property under the writ. The defendant neglecting or failing to give bond for the delivery of the property, if cast in the suit, the plaintiff gave bond, under section 2943 of the Code, and received the possession of the property sued for. The plaintiff was therefore in possession of the property when the case was tried; and, succeeding in the action, there could be no reason for assessing its value, either separately or in gross. It could have accomplished no result whatever, and the defendant was in no sense injured by the failure. Miller v. Jones, 29 Ala. 174; Rambo v. Wyatt, 32 Ala. 363, 70 Am. Dec. 544; Lucas v. Daniels, 34 Ala. 188; Rose v. Pearson, 41 Ala. 687.' Jones v. Pullen, 66 Ala. 309, 310; Dykes v. Clarke, 98 Ala. 657, 13 So. 690." 201 Ala. 385, 78 So. 758, 759.

The verdict of the jury was:

"We the jury find for the plaintiff the property sued for. We ascertained value of same as follows:

One No. 356 all purpose beauty chair $112.50
One Shelton Permanent waving machine, 32 heaters.................. 100.00
One Sundryette with extra attachment 57.00
One No. 92 Shampoo Board......... 9.00
One DSC Hair Dryer.............. 7.85
One No. 3 Manicure lamp........... 7.50

"We ascertain rental value for same at $10.-00 per month—$130.00. We, the Jury find the balance due on the mortgage debt due by the defendant to the plaintiff to be as follows: $209.00, interest on indebtedness $18.25, attorney's fee $25.00, total $252.25, and the same being considered, it is ordered and adjudged by the court that the plaintiff have and recover of the defendant the following property sued for and seized with writ of detinue to-wit: One No. 356 all purpose beauty chair, value $112.50, One Shelton permanent waving machine, 32 heaters, value $100.00, One Sundryette with extra attachment, value $57.00, One No. 92 Shampoo board, value $9.00, One DSC Hair dryer, value $7.85, One No. 3 Manicure lamp, value $7.50. We ascertain rental value for same at $10.00 per month, total rental $130.00, together with the cost of this proceeding and rental value as found by the jury for all of which let execution issue."

This was sufficient compliance with the statute to enable the parties to protect their respective rights in the event the mortgagor sought to pay the judgment and retain the property thereby. It is "further ordered and adjudged by the court that the balance found to be due on the mortgage debt is $252.25."

This is all the law required in such a case, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, Justice.

The opinion is corrected to show that the defendant was in possession at the time of the trial and judgment.

We have re-examined the verdict and judgment thereon, and hold that it is sufficient under the statute. It specified the several properties, and respective values (which amounted to the saying that it was the alternate value) are declared and fixed, as well as the damages for retention- called rent. The latter compliance with the statute was, as to the facts here, for the benefit of plaintiff, and of this the defendant has no complaint.

Application for rehearing overruled.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.