166 So. 681

## WILLIAMS, Superintendent of Banks, v. LOVE.

### 4 Div. 874.

Supreme Court of Alabama.

March 19, 1936.

E. O. Baldwin, of Andalusia, for appellant.

Clyde M. Love, of Andalusia, for appellee.

Brief did not reach the Reporter.

KNIGHT, Justice.

Suit in detinue by J. H. Williams, as Superintendent of Banks, liquidating the affairs of the Bank of Gantt, against John L. Love, for the recovery of certain described personal property.

There were verdict and judgment for the defendant, and this appeal is prosecuted by the appellant, plaintiff in the court below.

The verdict returned by the jury is in the following words: "We, the jury, find in favor of the defendant: Find the mortgage note paid in full by valuing property as listed below: fourteen bales of cotton, five hundred pounds at ten cents, $700; one mule $85.00; one mule $85.00; one two horse wagon $15.00; one stalk cutter $25.00; one cultivator $35.63; one cow and calf $65; one cow, small, $50.00; one yearling $10.00; one yearling $8.00; one bull $12.50; one pig $1.00; bunch hogs, about fourteen or fifteen, $60.00; one cow $65.00. Total $1217.13."

The property set forth in the verdict, other than the fourteen bales of cotton, was the identical property sued for in the complaint. The court received and duly entered up this verdict of the jury.

The appellant made seasonable motion for new trial, assigning the following, among other grounds: (1) That the verdict was contrary to the great weight of the evidence; and (2) that the verdict was contrary to the law and the evidence in the cause. This motion was overruled by the court, and the plaintiff duly reserved an exception to this action of the court. The propriety of the court's ruling on this motion constitutes the appellant's only assignment of error.

The plaintiff claimed title to the property sued for under a certain mortgage executed to the Bank of Gantt by the defendant—appellee Love—on February 12, 1930. This mortgage secured an indebtedness of $1,217.13, and which fell due and became payable on October 1, 1930.

On the filing of the suit the plaintiff made the required affidavit, and gave bond for the issuance of a writ of seizure. Under this writ the sheriff of Covington county took into his possession only the property described in the verdict of the jury. The other property was not to be had.

The defendant having neglected for five days after the sheriff's seizure to give bond as provided by section 7389, the plaintiff gave the bond as provided in section 7391, and the property was delivered to him by the sheriff. Thereafter, and before the trial, the plaintiff sold the property at public sale in the town of Gantt. The total amount which the property brought at the sale was $122.80, and the fees, expenses, and feed bill of the sheriff in seizing and caring for the stock were $25.30, leaving net balance of $97.50 to be applied on the mortgage.

In addition to the foregoing credit, the evidence shows that the defendant Love was entitled to the following other credits on said mortgage indebtedness: $97.50, $51.35, and $26.07. The dates on which these items should be credited on the mortgage do not appear from the evidence.

The evidence leaves no room to doubt that the only amount that the Bank of Gantt

received for the cotton was $426.07 · and $51.35, making total of $477.42, of which amount $400 was applied with the knowledge and consent of the mortgagor on another note held by the bank against Love, leaving a real balance of only $77.42 to be credited on the mortgage. This credit the evidence shows was given.

The verdict rendered by the jury in this case was not only contrary to law, but also against the great weight of the evidence; in fact, so much so that we would be wholly unjustified in permitting it to stand.

It is evident to our minds that it was the purpose of the jury to fix and assess the value of the separate items of property at such an amount as that the aggregate value would exactly total the amount of Love's indebtedness as expressed in the face of the mortgage. The amount of the indebtedness, as expressed in the face of the mortgage, was $1,217.13, and the aggregate value placed by the jury upon the property was $1,217.13—a singular coincidence, so striking as to arrest the attention, and to suggest a probable causal connection.

The verdict of the jury was so palpably contrary to the great weight of the evidence as to stamp it as being unjust, and the lower court committed reversible error in not setting it aside on plaintiff's timely motion. For this error, the judgment of the circuit court will be here reversed, and the cause remanded for a new trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.