187 So. 628

**PIERCE v. LYNDALL.**

**1 Div. 51.**

Supreme Court of Alabama.

March 23, 1939.

Moody & Price, of Mobile, for appellant.

Chas. A. Cunningham, of Mobile, for appellee.

**GARDNER, Justice.**

Detinue action by appellant, Pierce, against appellee, Lyndall, for the recovery of one Chevrolet automobile—the cause being tried before the court without a jury. There was judgment for defendant, and plaintiff appeals.

Defendant failing to give bond, as provided in section 7391, Code of 1923, plaintiff availed himself of the privilege of the statute, gave the necessary bond, and the property was delivered to him.

This litigation arises out of a sale of the automobile sued for by the plaintiff to defendant, and it is evident the trial court construed the written contract, offered in evidence by plaintiff, as not vesting in

plaintiff a general or special property in the automobile, with the right to immediate possession necessary to sustain the action of detinue. 18 Corpus Juris 993.

Such is our conclusion of the basis of the court's ruling as the evidence was without dispute that defendant was in default in his payments, and the contract in no manner was impeached, the defendant offering no testimony of any character.

In construing the contract the intention of the parties is to control. We consider that in its major terms there is much similarity between the contract here involved and those considered in Thomas v. Montgomery-Ward & Co., 211 Ala. 98, 99 So. 786, and Smith & Fay v. Montgomery Ward & Co., 209 Ala. 317, 96 So. 231. It discloses an agreement on plaintiff's part to sell to defendant the automobile on stated terms, $87 cash and monthly payments of the balance on the dates therein prescribed. Notes were duly executed for these installment payments. The contract further stipulates: "The party of the second part (the purchaser, we interpolate) hereby contracts and agrees to surrender peaceful possession of the said described automobile upon failure to pay any of the above set out notes as they fall due."

It is not reasonable to assume that the purchaser would agree to return the car to the seller unless it was considered by the parties as still the property of the vendor. The contract is not a sale of the property but merely an agreement to sell upon the terms and conditions therein set out. But, without further discussion, we state our conclusion that the contract falls in that class commonly known as executory installment contracts of conditional sale. Thomas v. Montgomery Ward & Co., supra. And we consider the cases of Lucas v. Pittman, 94 Ala. 616, 620, 10 So. 603; Markham v. Wallace, 147 Ala. 243, 41 So. 304, and Barnhill v. Howard, 104 Ala. 412, 16 So. 1, readily distinguishable upon the facts, and not out of harmony with the conclusion here reached. We conclude, therefore, the title remained in the plaintiff.

Defendant by his plea admitted possession of the property at the commencement of the suit. Section 7404, Code of 1923. And defendant made default.

It results that under the undisputed proof plaintiff was entitled to recover the property, and judgment to that effect should have been so entered.

**434**

It results that the judgment for defendant is reversed and one here rendered in favor of the plaintiff for the property sued for. Section 7392, Code of 1923; Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758; Finney v. Dryden, 214 Ala. 370, 108 So. 13.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.