190 So. 71

**MUSCOGEE MOTOR CO. v. COOK.**

4 Div. 95.

Supreme Court of Alabama.
June 22, 1939.

W. R. Belcher and J. W. Brassell, both of Phenix City, for appellant.

J. B. Hicks, of Phenix City, for appellee.

THOMAS, Justice.

The motor company (appellant) filed suit in detinue in the inferior court to recover the automobile in question, giving the required bond which was duly approved. The

writ issued and execution. Defendant filed pleas in short by consent and judgment was rendered for the motor company in the inferior court.

Appellee filed his appeal bond to the circuit court, which was approved by the judge of the inferior court, and the record was not sent to the circuit court within ten days after rendition of judgment, or within that time after the appeal. Thus, under the facts, the appeal was not subject to a motion to dismiss for failure of a due prosecution of that appeal. Such motion was duly made and brought to the attention of the circuit court, and then the issuance of a writ of certiorari was ordered upon said Leonard G. Cook (appellee) entering into a duly conditioned bond in the sum of one hundred dollars, which was given and approved by the clerk of the circuit court.

Appellee thus states the case: "On September 15, 1937, Leonard Cook, by his attorney, filed a motion to suppress the pleading of the Plaintiff, Muscogee Motor Company."

It appears from this motion, as stated by appellee: "That immediately after the levy or taking possession of the automobile by the constable the property was turned over to the Plaintiff, Muscogee Motor Company, who resided in the State of Georgia. That the defendant, Leonard Cook, gave bond and also an appeal bond, but he could never get possession of the automobile. That the Plaintiff, the Muscogee Motor Company never gave any bond for the automobile and that although the Plaintiff had been ordered by the Judge of the Inferior Court to turn the property over to Leonard Cook that they failed to do so. And the petitioner alleges that they were in contempt of court. The petition was sworn to before W. L. Hobbs, Clerk of the Circuit Court and filed September 15, 1937. The Judge then in open court ascertained from the appellant's counsel whether or not the facts in the petition for suppression of pleading were true and the counsel for the Muscogee Motor Company admitted that they were. And in open court on the 14th day of March, 1938, the bench notes of the Judge showed 'March 14, 1938, Continued. Plaintiff as a condition precedent to a right to proceed, is required to execute a solvent and proper bond in twice the value of the property it is sought to recover. Such bond to be executed within 30 days from this date.' Signed J. S. Williams, Judge. That at the next term of the Court in November, the court upon inquiry found that the bond had not been executed nor had the property been turned over to the Defendant in the detinue as is required by law. Then on a motion of Defendant's counsel for the affirmative charge, the court allowed the Defendant to take evidence as to the value of the property and a jury returned a verdict for the Defendant and judgment was rendered."

The statute is that: "If the defendant neglect for five days to give such bond, the property sued for must be delivered to the plaintiff, on his giving bond with sufficient surety, in double the value of the property, payable to the defendant, with condition to deliver the property to the defendant within thirty days after judgment, in case he fail in the suit, and to pay all damages for the detention of the property and costs of suit. If the plaintiff fail to give such bond for five days after the expiration of the time allowed the defendant, the property must be returned to the defendant." Michie's Code 1928, § 7391.

Thus, under the facts disclosed by the record, the defendant Cook was entitled to the possession of the car from the time of the failure of plaintiff to give the required statutory bond to obtain possession of same. Having illegally obtained possession of the car, plaintiff was in contempt of court, which the Court sought to acknowledge or purge by the requirement that the car be returned to the jurisdiction of the court, or a proper bond be given for that return, or for payment of its alternate value pursuant to final judgment that may be rendered in the cause in the circuit court. The defendant Cook was entitled to the possession of the automobile in question after expiration of the ten days time embraced by the statute and the facts of this case. Prestwood v. Bagley, 227 Ala. 316, 149. So. 817; Boswell v. Lewis, 227 Ala. 469, 149 So. 684; Williams, Supt. of Banks v. Love, 232 Ala. 31, 166 So. 681; Holcombe v. Mountain River Dairy Farm, 232 Ala. 391, 168 So. 439; Carmichael v. United States Fidelity & Guaranty Co., 163 Ala. 320, 50 So. 1003; Kelley v. Lovett, 236 Ala. 538, 183 So. 855; International Harvester Co. v. Pittman, 226 Ala. 355, 147 So. 144.

In the case at bar the constable had delivered the property to the non-resident plaintiff, who removed the property beyond the jurisdiction of the court. This action of the official, of plaintiff, did not prevent the circuit court from having jurisdiction of the parties and the property to so order that would exact obedience (as to the property) of the party plaintiff, who is in disobedience or in contempt, to the jurisdiction and orders of the court. The plaintiff had removed the property unlawfully beyond the jurisdiction of the court. Such person has no rights to be further heard until in that court and as to the instant property, there was a due compliance with the court's order and thereby purge the contempt. Code 1923, § 8576, Subsecs. 3 and 4.

In the instant case the court ordered plaintiff to return to the jurisdiction of the court and its duly acting officer the car illegally obtained by plaintiff (without bond) from the officer, or at its election to duly execute and deliver to that officer of the court the bond required by law to have been given as a condition precedent to the obtaining possession of the property that was at the time in gremio legis. It was the duty of the plaintiff to thus comply and submit itself and the property in question to the jurisdiction of the court heretofore having that possession. In its failure the court had the right to award the property to appellee Cook by a due order, and this was duly ordered and adjudged for petitioner for certiorari.

The record shows that said appellee (petitioner) at the times in question was and is entitled to the immediate possession of the car, or its alternate value as fixed. The court and jury heard the testimony and on such evidence fixed the alternate value of the property in question. On the verdict so rendered, the judgment of the circuit court was duly entered. Hence the appeal by the plaintiff Muscogee Motor Company.

We find no error in the record and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.